Honorable Robert B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                        Plaintiff,

        v.

TROY X. KELLEY,

                        Defendant.

No. 3:15-cr-05198-RBL

DECLARATION OF MARK N.
BARTLETT

Mark N. Bartlett, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am a partner at Davis Wright Tremaine LLP ("DWT"), and I represent defendant Troy X. Kelley in this case.  Prior to joining DWT in 2010, I served as an Assistant United States Attorney in the Western District of Washington for approximately 25 years, including nine years as First Assistant United States Attorney.

2.      In June 2013, I was engaged to represent Diane Kelley in an ongoing federal criminal tax investigation that I understood was based, at least partially, on 2006, 2007 and 2008 joint personal income tax returns filed by Ms. Kelley and her husband, Troy X. Kelley. At the time, Mr. Kelley was represented by Robert M. McCallum, a partner at LeSourd & Patten, P.S. ("LeSourd").

3.      By no later than January 2014, Assistant United States Attorney Lawrence Lincoln told me that Ms. Kelley was not a subject or target of their investigation.  As of that

DECLARATION OF MARK N. BARTLETT - 1
Case No. 3:15-cr-05198-RBL
DWT 26935911v4 0098392-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  point in time, I had never met Ms. Kelley or spoken with her (either in person or on the phone),

2  and did not correspond with her beyond the original engagement letter.  Consequently, I

3  obtained no confidential or even any substantive information from her. At that time, Ms. Kelley

4  became a former client and I began working on the defense of Mr. Kelley with Mr. McCallum.

5      4.  Mr. Kelley signed a 90-day tolling agreement, beginning March 15, 2014, in

6  connection with a potential charge of Filing False Income Tax Returns in violation of 26 U.S.C.

7  Section 7206(1) for tax year 2007.  The six-year statute of limitation for 2007 tax year charges

8  would have expired on April 15, 2014, but the tolling agreement moved that date to on or about

9  June 15, 2014.

10      5.  In the first part of June 2014 the United States Attorney's Office informed Mr.

11  Kelley they planned to seek an indictment related to the ongoing federal tax investigation. I

12  understood that the government planned to seek the indictment on or before June 15, 2014. In

13  this timeframe, the government requested, on several different occasions, that Mr. Kelley sign a

14  second tolling agreement for a tax charge related to his 2007 tax return.  Mr. Kelley chose not

15  to sign a second tolling agreement.  I also met with government counsel during this timeframe

16  and provided them with arguments challenging the potential charges.  On June 12, 2014,

17  Criminal Division Chief Tessa Gorman notified the defense that the threatened indictment

18  would not be sought.

19      6.  It was clear from the meetings I had with the government in mid-2014 that it was

20  fully aware of the Blackstone International account at Vanguard (the "Blackstone Account")

21  and all other accounts for which Mr. Kelley had signature authority.  It is also clear from an

22  IRS interview memorandum dated April 19, 2013 that the government was aware of the funds

23  in the Blackstone Account at least as of that date in 2013.

24      7.  From the outset, the government's investigation had focused on charges related to

25  Mr. Kelley's 2006, 2007, and 2008 joint personal tax returns.  By the later part of 2014, I was

26  aware that the statute of limitations for the 2006 and 2007 tax returns had passed, and that tax

27  charges relating to the 2008 tax return would be time barred after April 15, 2015.  As a result,

DECLARATION OF MARK N. BARTLETT - 2
Case No. 3:15-cr-05198-RBL
DWT 26935911v4 0098392-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

the defense understood there was a strong possibility that the U.S. Attorney's Office would seek an indictment, if at all, by April 15, 2015.   On March 18, 2015, the Tacoma News-Tribune reported that it had sources indicating the government executed a search warrant at Mr. Kelley's home on March 16, 2015.  The article did not disclose any sources for the article.  The Seattle Times and other publications picked up the story later on March 18.  I believed that the search warrant signaled that the government might be planning to seek an indictment on or before April 15, 2015.  Accordingly, on March 22, 2015, I sent an email to the government asking for a meeting to discuss any anticipated charges, which as noted above the defense anticipated would be forthcoming on or before April 15, 2015.  A copy of the email string that includes this email is attached to this Declaration as Exhibit A.

8.     AUSA Andrew Friedman responded on March 23, 2015.  AUSA Friedman declined to discuss the charges the government was considering on the ground that "our Office generally does not meet with defendants' lawyers to explain specific charges that the Office is considering bringing and the particular evidence underlying those charges."  AUSA Friedman did invite the defense to make a further presentation without hearing the contemplated charges. Finally, on March 26, 2015, in response to an email from Mr. McCallum, AUSA Friedman listed the charges the government was considering against Mr. Kelley.  See Exhibit A.

9.     From March 26 to April 15, 2015 (when the grand jury returned the indictment), I had correspondences, telephone calls and meetings with each of the Assistant United States Attorney assigned to this case, as well as with Criminal Division Chief Gorman and Acting United States Attorney Annette Hayes.  At no time since my involvement in this matter began in 2013, including during the period between March 26 and April 15, 2015, did the government lawyers ever inform the defense that it intended to seek forfeiture of the funds from the Blackstone Account or any other account.  At no time since my involvement in this case did the government threaten or take any action to seize or freeze funds in the Blackstone Account or any other accounts for which Mr. Kelley had signature authority.

DECLARATION OF MARK N. BARTLETT - 3
Case No. 3:15-cr-05198-RBL
DWT 26935911v4 0098392-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

10.    The practice in criminal defense cases is for defense counsel to obtain an up-front retainer sufficient to cover anticipated fees and expenses through trial.  The reasons for this practice are that criminal cases may result in a loss of liberty for the defendant, and that local rules do not necessarily allow criminal defense counsel to withdraw from a case if funds are no longer available to pay fees.  In accordance with this practice, Mr. Kelley provided DWT with a retainer in the amount of $908,397.  Although the retainer would be held by DWT, it was to secure payment of fees for both DWT and LeSourd.  The retainer was provided because, as noted above, the defense had anticipated an indictment on or before April 15, 2015 since 2014.

11.    On April 16, 2015, I saw the Indictment in this case for the first time.  Upon reviewing it, I noticed there was a forfeiture count.  The forfeiture count did not specify any particular accounts to be forfeited, but rather sought a money judgment in the amount $1,463,171 from any source in connection with Count I.   I immediately sent an email to government counsel asking about the forfeiture count and whether the government intended to seek forfeiture of the $908,397 retainer in DWT's trust account and any other retainer funds held by LeSourd.  My email to the government was the first time anyone raised forfeiture in this case.  AUSA Friedman responded to my email on April 17, 2015, stating for the first time that the government was "likely to attempt to seize this money."  The email string containing my April 16 email and the government's April 17 response is attached as Exhibit B to this Declaration.

12.    After receiving the government's April 17 email, I segregated the $908,397 and gave instructions to DWT staff that no portion of the money would be used for fees or expenses in connection with Mr. Kelley's defense (or for any other purpose) until further notice.  On May 13, 2015, after discussing handling of the funds with government counsel, Mr. Kelley entered into a Standstill Agreement with the government.  It is attached as Exhibit C to this Declaration.  The government told me that it preferred that DWT hold the funds pending further discussions rather than have DWT return the funds to Mr. Kelley, and Mr. Kelley agreed to accommodate that request.  Notwithstanding the 75-day term of the Standstill

DECLARATION OF MARK N. BARTLETT - 4
Case No. 3:15-cr-05198-RBL
DWT 26935911v4 0098392-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

1  Agreement, I intend for DWT to hold the funds until this case is resolved, unless the Court

2  orders otherwise before that time.

3      13.    The Government's Motion for Inquiry Concerning Potential Conflicts of Interest

4  ("Government's Motion") posits that a conflict might exist based on possible legal advice that I

5  or some other attorney at DWT provided Mr. Kelley.  However:

6          a.    I did not provide and was not involved in providing any legal advice to

7  Mr. Kelley regarding the $908,397 retainer from the Blackstone Account to DWT in March

8  2015 for the defense of Mr. Kelley's case;

9          b.    I did not provide and was not involved in providing any legal advice to

10  Mr. Kelley regarding the payment of $447,421 from the Blackstone Account to the Internal

11  Revenue Service in March 2015; and

12          c.    I did not provide and was not involved in providing any legal advice to

13  Mr. Kelley regarding the withdrawal and payment of taxes on $245,000 by Blackstone

14  International for each of tax years 2013 to 2015.

15      14.    The Government's Motion also theorizes that a conflict might exist based on my

16  initial representation of Mr. Kelley's wife, Diane Kelley, in connection with the government's

17  pre-indictment investigation.  I obtained no confidential information from Ms. Kelley during

18  my representation of her.  Ms. Kelley has waived any potential conflict that could result from

19  that prior representation pursuant to RPC 1.9.

20

21

22

23

24

25

26

27

DECLARATION OF MARK N. BARTLETT - 5
Case No. 3:15-cr-05198-RBL
DWT 26935911v4 0098392-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

15.   Finally, the Government's Motion claims that a conflict might exist based on a potential need to call a witness from DWT to testify that money transferred to the firm was a retainer for future legal work to be performed by DWT and LeSourd.  I have repeatedly told the government that the funds were for a retainer and that Mr. Kelley would stipulate to this undisputed fact.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of June, 2015 at Seattle, Washington.

Mark N. Bartlett  WSBA No. 15672
Counsel for Defendant Troy X. Kelley

DECLARATION OF MARK N. BARTLETT - 6
Case No. 3:15-cr-05198-RBL
DWT 26935911v4 0098392-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

I certify under penalty of perjury that the foregoing is true and correct.

Executed at Seattle, Washington this 5th day of June, 2015.

s/ Jeffrey B. Coopersmith
Jeffrey B. Coopersmith, WSBA No. 30954

DECLARATION OF MARK N. BARTLETT - 7
Case No. 3:15-cr-05198-RBL
DWT 26935911v4 0098392-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700