Honorable Robert B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

TROY X. KELLEY,

Defendant.

No. 3:15-cr-05198-RBL

DECLARATION OF JOHN A.
STRAIT

John A. Strait, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I have been retained the by the law firm of Davis Wright Tremaine to review the
Government's Motion for Inquiry Concerning Potential Conflicts of Interest, in which the
government asserts that  Davis Wright Tremaine LLP (hereafter "DWT") and Mark N. Bartlett
may have disqualifying conflicts of interest.  The government also requests *in camera* inquiry
into DWT's compliance with the Washington Rules of Professional Conduct.  I have
specifically been asked to comment on the application of Washington's RPC 1.7(a)(2), RPC 1.9
and RPC 3.7.

## I.      CREDENTIALS

1.      Attached to this declaration as Exhibit A is a partial curriculum vitae which
reflects some of my experience in the field of legal ethics and legal malpractice,  I am an
Associate Professor of Law at the Seattle University School of Law with teaching

DECLARATION OF JOHN A. STRAIT - 1
Case No. 3:15-cr-05198-RBL
DWT 26991906v3 0098392-000001

responsibilities in the fields of legal ethics, legal malpractice, and criminal law and procedure.

I have been so employed since 1976.  I have been in the private practice of law in the states of

California and Oregon since 1970, and in the state of Washington since 1972.  I am currently

on inactive status in California and Oregon.  My private practice currently includes

representation of attorneys in both disciplinary and legal malpractice-related issues.  I have

provided consulting advice to many public defender's offices and prosecutor's offices,

including the United States Attorney's Office for the Western District of Washington, in the

past on ethical responsibilities of both prosecutors and criminal defense counsel.  My practice

also includes consulting, counseling, and representing attorneys on the issues of confidentiality

and disqualification for conflict of interest.  I have represented attorneys both in defending and

prosecuting such claims.  I am contacted approximately three times a month to provide services

as a retained consultant and/or attorney on these issues since the late 1970s.  I also provide pro

bono advice to attorneys and judges throughout the northwest, and have done so since the late

1970s.  I currently average five or more such consultations per day.  My practice also includes

consulting, counseling, and representing attorneys on the issues of confidentiality and

disqualification for conflict of interest and Sixth Amendment right to effective assistance of

counsel.  My consulting practice includes giving advice on confidentiality under WRPC 1.6;

conflicts of interest under WRPC 1.7, 1.9 and 3.7, and with regard to attorney/law firm

disqualifications under WRPC 1.10.

2.      I have lectured throughout the United States on the subjects of legal ethics and

discipline for attorneys.  To date, I have lectured in some 15 states.  I have participated in CLE

presentations on the law of ethics and standards for legal malpractice in more than 300 CLE

programs.  I have been a lecturer for numerous of these Bar presentations on the subject of

conflicts of interest, confidentiality and disqualification of attorneys under the Washington

Rules of Professional Conduct, their American Bar Association Model Rules equivalent, and on

the minimum standard of care for attorneys and law firms in the state of Washington with

regard to conflicts, confidentiality, and vicarious disqualifications.  A partial list of my CLE

DECLARATION OF JOHN A. STRAIT - 2
Case No. 3:15-cr-05198-RBL
DWT 26991906v3 0098392-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   presentations is attached as Exhibit B to this declaration.  I now average at least two CLE

2   presentations per month.  I have done CLE presentations since the late 1970s.

3       3.    I have testified in court as an expert witness or appeared by declaration or

4   affidavit, and have been qualified as an expert witness in the fields of legal ethics and

5   malpractice in 16 different counties in the state of Washington, and in the federal district courts

6   located in Washington, Oregon, Wyoming, California, Alaska, Hawaii, New Mexico, and

7   others.  I have also testified on the right to counsel under the Sixth Amendment and the

8   implications thereof, most recently in *Wilbur, et al. v. City of Mount Vernon, et al.*, 989 F.Supp.

9   2d 1122 (W.D. Wa. 2013).  I have testified on the duties owed by attorneys and law firms on

10  conflicts of interest, confidentiality and vicarious disqualification in most of these jurisdictions.

11  I have appeared by declaration or testimony on more than 100 motions to disqualify since 1976.

12  A partial list of deposition and trial testimony is attached as Exhibit C.

13      4.    I have published articles and performed professional research and writings in

14  these fields as reflected in part in the attached curriculum vitae.  Most recently I served as co-

15  author of the *Washington Legal Ethics Deskbook* published by the Washington State Bar

16  Association in 2003.  I have also served on the Rules of Professional Conduct Committee for

17  the Washington State Bar Association for most of the last 25 years until it was sunsetted in

18  2012.  I directed a clinical program in legal discipline through the Seattle University School of

19  Law from 1991 through 2006.  In this clinical program, law students investigated bar

20  complaints under my direction and made recommendations to the Washington State Bar Office

21  of Legal Discipline on probable cause.  The program was awarded the 1995 Gambrell Award

22  by the American Bar Association for service to the profession.  I also serve as Adjunct

23  Investigative Counsel.  As Adjunct Investigative Counsel, I have investigated bar grievances

24  involving the ethical responsibilities of attorneys about conflicts of interest and/or duties to

25  former clients or as arising from attorney acting as witness in more than 20 investigations since

26  1994.

27

DECLARATION OF JOHN A. STRAIT - 3
Case No. 3:15-cr-05198-RBL
DWT 26991906v3 0098392-000001

## II.     MATERIALS REVIEWED IN ORDER TO RENDER MY OPINIONS

1.     I have reviewed the following materials:

- Government's Motion for Inquiry Concerning Potential Conflicts of Interests;
- Response to Government's Motion for Inquiry;
- Declaration of Floyd G. Short;
- Declaration of Troy X. Kelley;
- Declaration of Mark N. Bartlett;
- Indictment;
- WRPC 1.9 Conflict Waiver by Diane Kelley.

2.     I have also relied on my experience, education, and training as a professor teaching the law of legal ethics, as a lawyer who represents lawyers in legal ethics matters, as a lawyer who has appeared for the Washington State Bar Association as Adjunct Investigative Counsel, as a lawyer who regularly defends lawyers before the Washington State Bar Association, and upon my experience generally in the field of conflicts of interest and Sixth Amendment in rendering the opinions set forth below.

## III.     SHORT OPINIONS

I have been asked to address several questions:  Each question follows together with my summary response.

1.     First question:  I have been asked to opine on whether the mere allegation in the Indictment that the money in the Blackstone International account at Vanguard was stolen is a sufficient basis upon which the government can complain about DWT's receipt of a retainer from that account.  I do not believe that the government is directly arguing this point, but I am addressing it because it appears to be an allegation underlying the government's motion.  In my opinion, the mere allegation that the money was "stolen," when that is the gravamen of the government's charging Indictment and which has been contested by the defense, is insufficient to justify any complaint about DWT's receipt of the retainer.  The government cannot create a

tainted money issue from DWT's receipt of the $908,397 as a retainer simply by alleging it, when that is the very matter to be litigated in the underlying criminal case.

2.      Second question:  Assuming for the sake of argument that a non-lawyer employee or Mr. Bartlett might become a witness in *United States v. Troy X. Kelley*, does WRPC 3.7 provide a basis for the court to disqualify either Mr. Bartlett or DWT from representing Mr. Kelley?  In my opinion WRPC 3.7 provides no basis for disqualification of DWT or Mr. Bartlett either now or if a DWT employee or lawyer, including Mr. Bartlett, becomes a witness at trial because WRPC 3.7 is not imputed by its own terms or by WRPC 1.10(a) to the law firm or other members of the firm.

3.      Third question:  Assuming for the sake of argument that Mr. Bartlett or another employee of DWT might be called by the government to testify at trial with regard to the source and purpose of the $908,397 retainer, can the government's selection of a DWT member or employee as its preferred witness control Mr. Kelley's right to DWT's representation?  In my opinion the government would have to establish that the only available witness would be a DWT member or employee.  That is extremely unlikely given the evidence already disclosed from the government's investigation in both press releases and the Motion for Inquiry.  Under the standards developed by both federal and Washington courts for restriction of tactical abuse by an adverse party calling the opposing counsel or a member of the opposing counsel's firm as a witness, the government would have to establish that the only possible witness from which it could offer the material and necessary testimony, would be a DWT member or employee.  The government would have to show that the facts they are trying to establish through the witness are contested by the defense, and that it is material to the government's burden of proof.  In my opinion it is extremely unlikely the government could meet that burden and, even if it did so, would not require the disqualification of DWT because of the restrictions in WRPC 3.7 on imputed disqualification.

4.      Fourth question:  Whether the short representation by Mark Bartlett of Troy Kelley's wife, Diane Kelley, creates an WRPC 1.9 or 1.7(a)(2) conflict of interest which

would disqualify Mr. Bartlett either personally, or DWT through WRPC 1.10(a), from representing Troy Kelley. In my opinion, duties owed to Ms. Kelley as a former client under WRPC 1.9 are completely waivable by Ms. Kelley and Ms. Kelley has done so. Because of her complete waiver of WRPC 1.9 obligations, there is no conflicting duty which might materially affect the representation of Mr. Kelley under WRPC 1.7(a)(2). There is no basis for either inquiry or disqualification arising from the brief former representation of Ms. Kelley.

## IV.   FACTUAL ASSUMPTIONS RELIED UPON IN ORDER TO RENDER OPINIONS

1.    Based upon the materials I reviewed, I accept the factual description contained in the Response to the Government's Motion for Inquiry filed by DWT as accurate for the purposes of my analysis set forth below.

2.    Independently, I have reviewed the listed declarations which appear to support the factual allegations of the Response.

3.    My review of the Motion for Inquiry shows the Motion is based almost entirely on lack of knowledge by the government and/or speculation by the government rather than any factual support. Moreover, the government's request for the court to disclose to the government information learned by the court's *in camera* inquiry would be completely and substantially invasive of the Fifth and Sixth Amendment rights of Mr. Kelley. I believe that the absence of factual support justifying the inquiry and/or disqualification should be considered by the court in rejecting the government's request.

## V.   ANALYSIS OF OPINIONS

**A.    A Mere Allegation Is Insufficient Where The Allegation Is Contested to Justify an In Camera Inspection and a Demand to Impound DWT's Retainer Balance.**

1.    The government alleges that the money in the Blackstone International account at Vanguard was stolen. That allegation was made in the government's Indictment issued April 15 of this year. Substantial governmental investigation preceded the Indictment for a period of at least two years, and the government has known of the Blackstone International

DECLARATION OF JOHN A. STRAIT - 6
Case No. 3:15-cr-05198-RBL
DWT 26991906v3 0098392-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Account from which the $908,397 retainer payment was made at a minimum since April of 2013. Despite that knowledge and despite statutory authority for seizure, the government has made no effort to exercise that authority in order to obtain control of the Blackstone International account. The government has also known throughout this time period that Mr. Kelley contests that the money in that account is the product of any illegal conduct. Indeed, the primary issue to be litigated between the government and Mr. Kelley, with the burden of proof of beyond a reasonable doubt on the government, is whether or not that money is the product of criminal activity, which Mr. Kelley denies. Although the government made no previous effort to obtain control of the Blackstone account and has been able to do so for at least the last two years, it is somewhat troubling that the government now claims on the mere allegation contained in the Indictment that it is entitled to explore through Mr. Kelley's defense counsel and Mr. Bartlett the source and purpose of the DWT money and impound it.

2.      Under Washington's RPC 3.8 (special responsibilities of a prosecuting attorney), the U.S. attorney's office for the Western District of Washington is obligated to make reasonable efforts to assure that Mr. Kelley has been given reasonable opportunity to obtain counsel and under WRPC 3.8 (e):

> … not subpoena a lawyer in ... other criminal proceeding to present evidence about a past or present client unless the prosecutor believes: (1) the information sought is not protected from disclosure by an applicable privilege; (2) the evidence sought is essential to the successful completion of an ongoing investigation or prosecution; and (3) there is no other feasible alternative to obtain the information.

Given these ethical obligations, which are applicable to the United States Attorney's Office for the Western District of Washington under the McDade Amendment and Local Rule of the United States District Court for the Western District of Washington, it is troubling that the only effort to obtain control of the retainer payment occurred after the formal charge and long after the government knew of the funds and the account from which the payment of the retainer came.

DECLARATION OF JOHN A. STRAIT - 7
Case No. 3:15-cr-05198-RBL
DWT 26991906v3 0098392-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

3.      There is nothing inherently unethical or suspicious about a substantial advance retainer for a major federal criminal prosecution.  Under these circumstances where the entire nature of the defendant's case and defense denies the allegation of the Indictment, the government would seem to be bootstrapping the very issue which the criminal trial will be required to resolve, *i.e.*, whether or not the source of the money for DWT's retainer payment is the proceeds of criminal conduct.  Considerably more should be required by the court in order to exercise the extraordinary in camera inquiry requested by the government.  That request, combined with the government's request that the court review all of the information and provide it to the government further emphasizes the use of the motion to invade the Fifth and Sixth Amendment rights of the Defendant.  In my opinion the government cannot provide a basis to the court for such an in camera inspection simply by an allegation that the money is tainted money when that is among the issues to be resolved at trial.

**B.      Assuming for the Sake of Argument a DWT Member or Employee Becomes a Necessary Witness Either for the Government or for the Defense at Trial Does WRPC 3.7 Require a Disqualification of DWT?**

1.      Washington's RPC 3.7 was amended effective September 1, 2006 to **not** apply to other members of DWT and apply only to the individual witness attorney.

2.      WRPC 3.7(b) provides

> A lawyer may act as advocate in a trial in which another lawyer and the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or 1.9.

The American Bar Association previously adopted the same amendment several years prior to the Washington Supreme Court's adoption of WRPC 3.7 (b) quoted above.  The adoption of sub (b) was in part generated by the abuse of WRPC 3.7 as a tactical way of disrupting adverse parties in both civil and criminal litigation.  The government's motion appears to either be unaware of or to ignore WRPC 3.7(b).

3.      Any other member of DWT, assuming Mr. Bartlett became a necessary witness either for the defense or the government, could take over the representation at trial.  WRPC 3.7 only applies at contested factual hearings where the lawyer's testimony is on a material

DECLARATION OF JOHN A. STRAIT - 8
Case No. 3:15-cr-05198-RBL
DWT 26991906v3 0098392-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    contested fact.  The purpose of WRPC 3.7 is to avoid confusion between an advocate's proper

2    role and a witness's credibility to a trier of fact.  It is unlikely that there would be any such

3    material contested fact to be litigated at a fact finding hearing prior to trial, but should that

4    occur the same application would apply.  Mr. Bartlett might be disqualified from acting as

5    advocate in that hearing or trial but any other member of DWT would be unaffected by that

6    disqualification.

7         4.    WRPC 3.7 has no application at all should (as the government's motion

8    suggests) DWT employees who are not advocates at trial be called to testify.  There is no

9    likelihood of confusion by a trier of fact between an employee of DWT testifying and a DWT

10   lawyer acting as advocate.  There is no confusion of the roles which is the purpose of the rule.

11        5.    WRPC 1.7 and 1.9 do not require either inquiry or disqualification.  The

12   government has alleged that based on nothing more than a hypothetical preposition that

13   Mr. Bartlett may have been directly involved in advising Mr. Kelley with regard to the legal

14   consequences of his actions and provided tax advice which would be called into question

15   should Mr. Kelley assert an advice of counsel defense (assuming such is available) and/or be

16   necessary in order to establish the source of the money provided for DWT's retainer.  The

17   government further hypothesizes that should that be the case Mr. Bartlett would have a self-

18   interest under WRPC 1.7(a)(2) that could either materially affect his ability to represent

19   Mr. Kelley and therefore fall within WRPC 3.7(b).  Aside from the utter lack of any factual

20   support for such these hypotheses, the material I reviewed expressly removes all of those

21   factors from consideration from the defense.  Mr. Bartlett was not involved in providing any

22   tax or other advice and was hired solely for the purposes of defending the criminal charges.

23   Co-counsel LeSourd & Patten may or may not have provided such advice but assuming that

24   someone at LeSourd & Patten becomes a necessary witness under the criteria described *supra*,

25   that would not be imputed to Mr. Bartlett or DWT.

26

27

DECLARATION OF JOHN A. STRAIT - 9
Case No. 3:15-cr-05198-RBL
DWT 26991906v3 0098392-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**C.     Mr. Bartlett's Prior Representation of Diane Kelley is not a Basis for Inquiry or Disqualification of DWT.**

1.      As the declarations and response to which they are attached reveal, Mr. Bartlett's prior representation of Diane Kelley was for a very limited period of time until it was clear that Ms. Kelley would not be a target of the criminal case. Mr. Bartlett never met face-to-face with Ms. Kelley. Independently of the de minimis representation, Ms. Kelley has waived any confidentiality or ethical conflict under WRPC 1.9 in Mr. Bartlett and DWT's representation of Mr. Kelley. That waiver also removes any potential conflict from WRPC 1.7(a)(2). Since Ms. Kelley has an absolute right under WRPC 1.9 to waive any conflict arising from Mr. Bartlett and DWT's prior representation of her and has done so, there is no basis for an allegation which requires further inquiry, let alone disqualification. Such a waiver is completely ethically permissible and binding. There is no conflict arising from the prior representation of Ms. Kelley.

**D.     Conclusion.**

1.      The government's Motion for Inquiry and potentially for disqualification is without any factual adequate basis and all hypothetical issues which it surmises have been addressed by the actions taken by DWT with independent advice of counsel for Mr. Kelley and Ms. Kelley. There is no basis for further inquiry, let alone disqualification.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: June 5th , 2015.
Seattle, Wa.

John A. Strait, WSBA #4776

DECLARATION OF JOHN A. STRAIT - 10
Case No. 3:15-cr-05198-RBL
DWT 26991906v3 0098392-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1

## **CERTIFICATE OF SERVICE**

2    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using

3  the CM/ECF system which will send notification of such filing to all parties of record.

4    I certify under penalty of perjury that the foregoing is true and correct.

5    Executed at Seattle, Washington this 5th day of June, 2015.

6

7                                   s/ *Jeffrey B. Coopersmith*

8                                   Jeffrey B. Coopersmith, WSBA No. 30954

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF JOHN A. STRAIT - 11
Case No. 3:15-cr-05198-RBL
DWT 26991906v3 0098392-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700