THE HONORABLE ROBERT B. LEIGHTON

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:15-cr-05198-RBL |
| Plaintiff, | DECLARATION OF ANGELO J. CALFO IN SUPPORT OF DEFENDANT'S MOTION TO CONTINUE TRIAL DATE AND FOR CASE SCHEDULE |
| vs. | |
| TROY X. KELLEY, | |
| Defendant. | **NOTE FOR:** **Friday, September 18, 2015** |

I, Angelo J. Calfo, declare as follows:

1.      I am counsel for defendant Troy X. Kelley in this prosecution.  Mr. Kelley recently retained me to handle the anticipated trial of this matter.  I make this declaration in support of Mr. Kelley's motion for a continuance of the trial date and for the entry of a case scheduling order.  This motion is based on the following facts and circumstances.

2.      Due to the nature and complexity of this prosecution, the extensive and complicated allegations contained in the Superseding Indictment, the voluminous discovery, the numerous potential witnesses and exhibits and the complex statutes implicated, and my other professional commitments, I anticipate it will take additional time beyond the current January 2016 trial date to prepare for the trial of this matter.  In order to adequately prepare for

DECLARATION OF ANGELO J. CALFO IN
SUPPORT OF DEFENDANT'S MOTION TO
CONTINUE TRIAL DATE - 1

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1    trial, we request that the Court require the government and the defendant to meet pretrial

2    deadlines of the kind requested in the attached Exhibit A, which is a proposed case schedule.

3        3.    The length of this proposed continuance and the proposed case schedule is not

4    something new or unfamiliar to the U.S. Attorney's Office, as demonstrated below.  Since I

5    left the United States Attorney's Office in June 1997, I have handled numerous complex

6    criminal matters and trials as defense counsel in this judicial district and others.  I represented:

7    Olympic Pipe Line Company in a highly-publicized prosecution alleging negligent

8    endangerment and other crimes arising out of the tragic gasoline spill in Bellingham,

9    Washington in June 1999; W.R. Grace and one of its executives in a prosecution in U.S.

10   District Court in Missoula, Montana alleging environmental crimes and obstruction of justice

11   relating to the company's operation of a vermiculite mine in Libby, Montana; financial advisor

12   and best-selling author Wade Cook in criminal tax evasion charges arising out of loans he

13   secured from a charitable remainder trust; Arthur Montour, the President of a Native-owned

14   cigarette distribution company on tax evasion and perjury charges arising out of the sale of

15   cigarettes on local Indian reservations; Leroy Christiansen, who, along with Frank Colacurcio,

16   Jr. and others, formerly owned Rick's nightclub in Seattle, and was charged with RICO and

17   forfeiture allegations; former Washington State Governor Albert Rosellini before the Seattle

18   Elections Commissions on matters relating to campaign contributions made to Seattle City

19   Council members; and world-renowned illusionist David Copperfield in grand jury

20   proceedings relating to false allegations of kidnapping and fraud.  I have represented numerous

21   others in prosecutions and grand jury proceedings alleging financial fraud, tax fraud,

22   environmental crimes, perjury and other federal criminal charges.

23       4.    In the above criminal matters involving a criminal prosecution that went to or

24   was scheduled to go to trial, and in other cases, the United States Attorney's Office agreed to a

25   case scheduling order.  I attach examples of those scheduling orders in *United States v. Cook,*

DECLARATION OF ANGELO J. CALFO IN
SUPPORT OF DEFENDANT'S MOTION TO
CONTINUE TRIAL DATE - 2

1    *et al.* (Exhibit B); *United States v. Colacurcio, et al.* (Exhibit C); and *United States v. W.R.*

2    *Grace, et al.* (Exhibit D).

3         5.      It is generally recognized that case scheduling orders are important vehicles for

4    managing complex criminal prosecutions such as this by providing deadlines for the provision

5    of discovery; for the filing of pretrial motions; and for the provision of pretrial pleadings such

6    as exhibit and witness lists, jury instructions, motions in limine and the like. Most practitioners

7    recognize that the deadlines provided for in the local rules are not practical in complex cases.

8    The local rules are written for more routine cases that involve far fewer witnesses and exhibits,

9    and less complex legal issues.

10        6.      It is of note that I currently represent the defendant in *United States v. Roman*

11    *Seleznev*, Case No. 11-cr-00070, before U.S. District Judge Richard A. Jones. That case is

12    currently scheduled for trial on May 9, 2016, and a major evidentiary hearing relating to the

13    abduction of this Russian national is set for October 23, 2015. Just over two months ago, the

14    United States Attorney's Office for this district negotiated and stipulated to the attached

15    detailed case scheduling order (Exhibit E), which was entered by Judge Jones. From

16    negotiating this case schedule with Assistant U.S. Attorneys Seth Wilkinson and Norman

17    Barbosa, I learned that their supervisor, Assistant U.S. Attorney Andrew Friedman, approved

18    the *Seleznev* case schedule.

19        7.      On September 2, 2015, I met with Assistant U.S. Attorneys Andrew Friedman,

20    Katheryn Frierson and Arlen Storm, each of whom, along with Richard Cohen, is assigned to

21    the trial of this matter. At the meeting, I proposed to negotiate a case schedule relating to this

22    case, and also discuss the need for a new trial date to allow Mr. Kelley's new counsel adequate

23    time to prepare for trial. The only court order issued to date setting any pretrial deadlines is the

24    order granting the motion to continue the trial. It sets no pretrial deadlines other than a pretrial

25    motions cut-off date of October 2, 2015 (less than a month away). It also sets a trial date of

DECLARATION OF ANGELO J. CALFO IN
SUPPORT OF DEFENDANT'S MOTION TO
CONTINUE TRIAL DATE - 3

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    January 16, 2016, which is just over four months away from the return of the government's

2    superseding indictment and my appearance in the case.

3         8.      After our meeting, government counsel followed up with an email stating that,

4    while they are willing to discuss a potential trial continuance, they do not believe a case

5    scheduling order is necessary.  See attached Exhibit F.

6         9.      Based on these circumstances, including the government's past practices, I

7    respectfully submit that this Court should issue a case scheduling order of the kind attached

8    hereto as Exhibit A.

9         10.     The need for a trial continuance and a detailed case schedule is evident.  This is

10   a legally and factual complex prosecution.  The government, as noted, has obtained a

11   superseding indictment that contains more 47 pages of factual allegations.  The indictment

12   alleges numerous counts of numerous different statutes, including: (1) one count of

13   concealment and possession of stolen property in violation of 18 U.S.C. Section 2315; (2) four

14   counts of false declarations in deposition testimony provided in civil litigation in violation of

15   Title 18 U.S.C. Section 1623; (3) five counts of money laundering in violation of Title 18

16   U.S.C. Section 1956 (with alleged predicate violations of Title 18, United States Code,

17   Sections 1341 and 1343); (4) one count of "corrupt interference with Internal Revenue laws" in

18   violation of Title 26 United States Code, Section 7212(a); (5) five counts of filing a false tax

19   return in violation of Title 26, United States Code, Section 7206(1); and (6) one count of

20   making false statements to a federal agent in violation of Title 18, United States Code, Section

21   1001.

22        11.     In addition, the government includes forfeiture allegations in its indictment

23   seeking the confiscation of more than $1.4 million.  These varied allegations and alleged

24   criminal violations result in an indictment as complex or more complex than the previous cases

25   I reference above in paragraphs 3 and 6.

DECLARATION OF ANGELO J. CALFO IN
SUPPORT OF DEFENDANT'S MOTION TO
CONTINUE TRIAL DATE - 4

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

12.     Not only are the allegations complex, the discovery is voluminous and is derived from multiple sources.  The discovery includes:

- Civil deposition transcripts of Mr. Kelley from previous litigation.  These transcripts are lengthy and include a videotaped deposition Mr. Kelley gave in litigation with one of the title companies referenced in the superseding indictment, Old Republic Title Company.

- Deposition transcripts of more than 12 additional witnesses from related civil litigation.

- Over 8,100 pages of witness statements, interviews and grand jury testimony, for more than 45 witnesses.

- Close to 10,000 of pages of document discovery from related litigation matters, as well as voluminous pleadings and discovery.

- Over 50,000 pages of records produced pursuant to grand jury subpoenas.

- Two IRS Special Agent Reports with exhibits, together totaling 11,486 pages.

13.     In addition to these circumstances giving rise to the need for case management, the Court will also likely be required to conduct an evidentiary hearing pursuant to *United States v. Crozier*, 777 F.2d 1376 (9th Cir.1985), and *United States v. Kaley*, 579 F.3d 1246 (11th Cir. 2009).  This evidentiary hearing arises from the government's apparent seizure, on September 8, 2015, of $908,000 that was being held in a trust account by Mr. Kelley's former counsel at Davis Wright Tremaine.  Under *Crozier* and *Kaley*, the government must promptly request a hearing to justify its pretrial seizure of these assets and prove that they are traceable criminal offenses alleged in the indictment that give rise to potential forfeiture.  *Crozier*, 777 F.2d at 1383-84; *Kaley*, 579 F.3d at 1258.  The government may also have seized other money that will require a similar showing under this case law.

14.     I know that the Court has an interest in the efficient management of its docket, and that the schedule of individual counsel cannot be controlling.  I do offer the following information about my current professional schedule so that the Court understands my current

DECLARATION OF ANGELO J. CALFO IN
SUPPORT OF DEFENDANT'S MOTION TO
CONTINUE TRIAL DATE - 5

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  commitments and how they might affect my trial preparation in this case and ability to provide

2  effective representation to Mr. Kelley.  As noted, I am counsel for Roman Seleznev in the

3  above-referenced case.  Of particular note on the case scheduling order in that matter (Exhibit

4  E) is that Judge Jones has scheduled an all-day evidentiary hearing on October 23, 2015 and a

5  trial date of May 9, 2016.  The trial is estimated to last three to four weeks.  In addition, there

6  are numerous other pretrial deadlines set between now and May 2016.  In addition, I am lead

7  trial counsel for Expedia, Inc. in the matter entitled *Cushman & Wakefield, et al. v. Expedia,*

8  *Inc.*, Case No. 15-2-17611-1, in King County Superior Court before The Honorable John

9  Chun.  The case is scheduled to go to trial on July 18, 2016 and is expected to last five to seven

10  trial days.  I am also counsel in several other civil and criminal matters; most significantly, I

11  represent a large, publicly-traded company in a False Claims Act matter that is the subject of

12  sealed miscellaneous proceedings being conducted before a magistrate judge in Seattle,

13  Washington, and to which I have devoted substantial time over the last six months and expect

14  to devote substantial additional time in the near future.  I am grateful for the Court's

15  consideration of these other professional commitments in setting a trial date and case schedule

16  in this matter.

17          I declare under penalty of perjury under the laws of the United States of America that

18  the foregoing is true and correct.

19

20          DATED this 9th day of September, 2015 at Seattle, Washington.

21                                    _s/Angelo J. Calfo_____

22

23

24

25

DECLARATION OF ANGELO J. CALFO IN
SUPPORT OF DEFENDANT'S MOTION TO
CONTINUE TRIAL DATE - 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Andrew C. Friedman | andrew.friedman@usdoj.gov |
| Arlen R. Storm | arlen.storm@usdoj.gov |
| Katheryn Kim Frierson | katheryn.k.frierson@usdoj.gov |
| Richard E. Cohen | richard.e.cohen@usdoj.gov |

*s/Susie Clifford*
_____

DECLARATION OF ANGELO J. CALFO IN
SUPPORT OF DEFENDANT'S MOTION TO
CONTINUE TRIAL DATE - 7

# EXHIBIT A

THE HONORABLE ROBERT B. LEIGHTON

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

| UNITED STATES OF AMERICA, | Case No. 3:15-cr-05198-RBL |

9

Plaintiff,

[PROPOSED] ORDER GRANTING
DEFENDANT'S MOTION TO
CONTINUE TRIAL DATE AND
ENTERING CASE SCHEDULING
ORDER

10

vs.

11

TROY X. KELLEY,

12

Defendant.

**NOTE FOR:**
**Friday, September 18, 2015**

13

14

15      The Court, having reviewed the record and files in this case and after a consideration of

16 all relevant information and the circumstances of this case, finds that the ends of justice will

17 best be served by continuing the trial date to March 14, 2016, and orders the parties to comply

18 with the complex case schedule set forth below. The ends of justice outweigh the best interests

19 of the public and the defendant in having the matter brought to trial sooner.

20      The Court makes the following findings:

21      1.      Defendant Troy X. Kelley is charged in a Superseding Indictment with

22 violations of federal criminal law, including: (1) one count of concealment and possession of

23 stolen property in violation of 18 U.S.C. Section 2315; (2) four counts of false declarations in

24 deposition testimony provided in civil litigation in violation of Title 18 U.S.C. Section 1623;

25 (3) five counts of money laundering in violation of Title 18 U.S.C. Section 1956 (with alleged

[PROPOSED] ORDER GRANTING
DEFENDANT'S MOTION TO CONTINUE
TRIAL DATE - 1

1  predicate violations of Title 18, United States Code, Sections 1341 and 1343); (4) one count of

2  "corrupt interference with Internal Revenue laws" in violation of Title 26 United States Code,

3  Section 7212(a); (5) five counts of filing a false tax return in violation of Title 26, United

4  States Code, Section 7206(1); and (6) one count of making false statements to a federal agent

5  in violation of Title 18, United States Code, Section 1001.  The Superseding Indictment alleges

6  a scheme lasting more than a decade to defraud title companies and/or borrowers and conceal

7  the proceeds thereof.

8      2.    The government originally returned an indictment in April 2015.  Nearly five

9  months later, on September 3, 2015, the government returned the Superseding Indictment,

10  which added five new money laundering counts relating to financial transactions occurring

11  between 2011 and 2015.  These money laundering counts allege new predicate crimes of mail

12  and wire fraud, which had not been previously alleged in the original indictment.

13      3.    The Superseding Indictment also adds three counts of filing false income tax

14  returns relating to tax years 2011-2013.

15      4.    On August 24, 2015, Troy X. Kelley retained new trial counsel.  While this

16  change was voluntary, it was not done for the purpose of delay.  Counsel has indicated that the

17  current time remaining until trial is insufficient to prepare for trial on the new charges and

18  those brought in April 2015, in light of counsel's current trial schedule.

19      5.    Defense counsel has indicated that the discovery in this case is voluminous and

20  complex; involves the analysis of multiple complex computer systems; and involves

21  investigations by the government in multiple jurisdictions. Because of the appointment of new

22  counsel, defendant will require substantial additional time in order to adequately review the

23  discovery and prepare for any motions and trial.

24

25

[PROPOSED] ORDER GRANTING
DEFENDANT'S MOTION TO CONTINUE
TRIAL DATE - 2

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    6.    Based on the foregoing, the Court finds that the ends of justice will best be

2  served by a continuance of the trial date and outweigh the best interests of the public and the

3  defendant in a speedy trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

4    7.    The Court further finds that the failure to grant such a continuance in this case

5  would likely result in a miscarriage of justice because the defendant would be denied the

6  reasonable time necessary for effective preparation, taking into account the exercise of due

7  diligence. 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

8    8.    The Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), that the case is so

9  unusual and complex, due to the nature of the prosecution, the existence of novel questions of

10  fact or law, and the volume of discovery that it would be unreasonable to expect adequate

11  preparation for trial within the time limits established by 18 U.S.C. § 3161.

12    9.    The Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv), that

13  the period of delay is reasonable.

14    10.    Any and all period of delay resulting from this continuance, from the date of

15  this order, until the date of the rescheduled trial, shall be excludable time pursuant to Title 18,

16  United States Code, Section 3161(h)(7)(A), for purposes of computation of the time limitations

17  imposed by the Speedy Trial Act, Title 18, United States Code, Section 3161 through 3164.

18    It is therefore ORDERED that trial of this matter is hereby continued to 9:00 a.m. on

19  March 14, 2016, and that the parties shall observe the following complex case schedule:

20

21

22

23

24

| Event | Date Ordered |
|---|---|
| Government to provide discovery under Fed. R. Crim. P. 16(a)(1)(A) – (F) and Local CrR 16(a)(1), with continuing obligation as set forth in Rule 16(c) | Already passed |
| Government to provide its preliminary exhibit list related to its case in chief | December 4, 2015 |

25

[PROPOSED] ORDER GRANTING
DEFENDANT'S MOTION TO CONTINUE
TRIAL DATE - 3

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| Event | Date Ordered |
|---|---|
| Government to provide any additional evidence favorable to the defendant or material to defendant's guilt or punishment, including any agent notes, memoranda, or e-mail containing *Brady* material | December 4, 2015 |
| Government's preliminary identification of all 404(b) evidence | December 4, 2015 |
| Government to provide its preliminary witness list relevant to its case in chief | December 4, 2015 |
| Government to provide discovery under Rule 16(a)(1)(G) (expert discovery) | December 4, 2015 |
| Deadline to file Pretrial Motions.  Response briefs due January 11, 2016; Reply briefs due January 19, 2016. | December 28, 2015 |
| Government to produce Jenks Act, Rule 26.2, and *Giglio* impeachment materials, including information relating to known non-testifying declarants under Fed. R. Evid. 806 (if any) | December 28, 2015 |
| Defendant to make preliminary production of discovery under Rule 16(b)(1)(A)-(B) and Local CrR(a)(2), based on current good faith assessment of materials in his possession, with continuing obligation as set forth in Rule 16(c), and without prejudice to subsequent production on February 2, 2016. | January 11, 2016 |
| Status Conference & Hearing on Pretrial Motions | January 29, 2016 |
| Defendant to provide discovery under Rule 16(b)(1)(A)-(B) and Local CrR 16(a)(2) (with continuing obligation as set forth in Rule 16(c)) | February 2, 2016 |
| Defendant to provide his preliminary exhibit list related to his case-in-chief | February 2, 2016 |
| Defendant to provide his preliminary witness list related to his case-in-chief | February 2, 2016 |
| Defendant to provide discovery under Rule 16(b)(1)(C) (expert discovery) | February 2, 2016 |
| Status Conference | February 9, 2016 |
| Government to produce all summary exhibits and underlying data under Fed. R. Evid. 1006; Government to provide rebuttal expert disclosures | February 16, 2016 |

[PROPOSED] ORDER GRANTING
DEFENDANT'S MOTION TO CONTINUE
TRIAL DATE - 4

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| Event | Date Ordered |
|---|---|
| Government to produce its final witness list and exhibit list related to its case-in-chief and final disclosure of Rule 404(b) evidence | February 16, 2016 |
| Defendant to produce his final witness list and exhibit list related to his case-in-chief | February 22, 2016 |
| Parties to file motions *in limine* and motions re: 404(b) and inextricably intertwined evidence. Response briefs due 02/26/16; Reply briefs due 03/02/16. | February 22, 2016 |
| Defendant to produce all summary exhibits and underlying data under Fed. R. Evid. 1006; Defense to provide rebuttal expert disclosures | February 22, 2016 |
| Trial Briefs, Proposed Jury Instructions, Voir Dire and Verdict Forms | February 22, 2016 |
| Pretrial conference; Hearing on motions *in limine* (if necessary) | March 7, 2016 |
| Trial | March 14, 2016  9:00 a.m. |

DATED this ____ day of September, 2015.


_____
HONORABLE ROBERT B. LEIGHTON

Presented by:

CALFO HARRIGAN LEYH & EAKES LLP


By___*s/Angelo J. Calfo*_____
        Angelo J. Calfo, WSBA #27079
        999 Third Avenue, Suite 4400
        Seattle, WA  98104
        Telephone:  (206) 623-1700
        Email:  angeloc@calfoharrigan.com

[PROPOSED] ORDER GRANTING
DEFENDANT'S MOTION TO CONTINUE
TRIAL DATE - 5

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on September 9, 2015, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4   following:

5          Andrew C. Friedman          andrew.friedman@usdoj.gov

6          Arlen R. Storm              arlen.storm@usdoj.gov

7          Katheryn Kim Frierson       katheryn.k.frierson@usdoj.gov

8          Richard E. Cohen            richard.e.cohen@usdoj.gov

9

10                                     *s/Susie Clifford*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

[PROPOSED] ORDER GRANTING
DEFENDANT'S MOTION TO CONTINUE
TRIAL DATE - 6

# EXHIBIT B

Honorable Thomas S. Zilly

05-CR-00424-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                    Plaintiff,

      v.

WADE B. COOK and LAURA M. COOK,

                Defendants.

No. CR05-424TSZ

[PROPOSED] AGREED
SCHEDULING ORDER

    Having met and conferred, and having addressed additional matters during the Status Conference of April 4, 2006, the parties agree to the appended case schedule.

    Respectfully submitted this 4th day of May, 2006.


s/ Kurt Hermanns
KURT HERMANNS
Assistant United States Attorney

s/ Amanda Lee and Jeffery Robinson
AMANDA LEE and JEFFERY ROBINSON
Counsel for Laura M. Cook


s/ Robert Westinghouse
ROBERT WESTINGHOUSE
Assistant United States Attorney

s/ Angelo Calfo and Scott Schill
ANGELO CALFO and SCOTT SCHILL
Counsel for Wade B. Cook


AGREED SCHEDULING ORDER - 1

Having reviewed the submission of the parties, and having heard from the parties during the Status Conference of April 4, 2006, the Court hereby ORDERS that the parties abide by the schedule below.

Dated: __May 24, 2006__

THOMAS S. ZILLY
United States District Judge

| EVENT | DATE |
|-------|------|
| Government to provide discovery under Rule 16(a)(1)(A), (B), (D) and (E) | February 1, 2006 |
| Government to submit expert witness disclosures | June 15, 2006 |
| Government to provide statements of witnesses and other materials as required by the Jencks Act, 18 U.S.C. § 3500, Fed. R. Crim. P. 26.2, and Local Rule CrR 16(f) | June 30, 2006 |
| Defense to provide reciprocal discovery under Rule 16(b)(1)(A), (B) and (C) | September 1, 2006 |
| Defense to submit expert witness disclosures | September 1, 2006 |
| Parties to file pretrial motions | September 15, 2006 |
| Parties to file responses to pretrial motions | October 16, 2006 |
| Parties to file motions in limine, including all matters indicated by previous filings, including expert reports, Jencks Act materials, government's preliminary witness list, and exhibits provided with the defendants' sworn statements. | October 27, 2006 |
| Parties to file replies on pretrial motions | November 1, 2006 |
| Government to provide final exhibit and witness lists related to its case-in-chief | November 1, 2006 |
| Pretrial motions noting date | November 3, 2006 |
| Defense supplemental motions in limine, based upon new information in the government's final exhibit and witness lists | November 8, 2006 |
| Parties to file responses to motions in limine | November 10, 2006 |
| Defense to provide final exhibit and witness lists | November 15, 2006 |

AGREED SCHEDULING ORDER - 2

SCHROETER, GOLDMARK & BENDER
500 Central Building ▪ 810 Third Avenue ▪ Seattle, WA 98104
(206) 622-8000

| EVENT | DATE |
|---|---|
| Parties to file replies on motions in limine | November 15, 2006 |
| Motions in limine noting date | November 17, 2006 |
| Government's supplemental motions in limine based upon defense witness and exhibit lists | November 22, 2006 |
| Defense responses to government's supplemental motions in limine | November 30, 2006 |
| Parties to file trial briefs, proposed jury instructions, verdict forms and voir dire | December 1, 2006 |
| Trial | January 16, 2007 |

AGREED SCHEDULING ORDER - 3

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

# EXHIBIT C

Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

FRANK FRANCIS COLACURCIO SR.,
FRANK FRANCIS COLACURCIO JR.,
LEROY RICHARD CHRISTIANSEN,
DAVID CARL EBERT, STEVEN
MICHAEL FUESTON, D.C.E. INC.,
MM MR RM CORPORATION, and LLC
EVERETT I,

Defendants.

No. CR09-0209 RAJ

CASE SCHEDULING ORDER

The Court, having received and reviewed the parties' submissions regarding case

scheduling, and the other records in this prosecution, and good cause appearing, hereby

ORDERS the following case schedule:

| Item No. | Event | Date Ordered |
|---|---|---|
| 1. | Government to provide discovery under Fed. R. Crim. P. 16(a)(1)(A) – (F) and Local CrR 16(a)(1), with continuing obligation as set forth in Rule 16(c) | 8/27/2009 |

CASE SCHEDULING ORDER
NO. CR09-0209 RAJ – Page 1

| Item No. | Event | Date Ordered |
|---|---|---|
| 2. | Defendants to provide discovery under Rule 16(b)(1)(A)-(B), and Local CrR 16(a)(2), with continuing obligation as set forth in Rule 16(c) | 12/7/2009 |
| 3. | Status Conference | 1/11/2010 3:00 p.m. |
| 4. | Defendants to provide notice of alibi defense under Fed. R. Crim. P. 12.1 and mental health defense under Fed. R. Crim. P. 12.2 | 3/5/2010 |
| 5. | Status Conference | 3/10/2010 3:00 p.m. |
| 6. | Government's identification of all 404(b) evidence | 3/12/2010 |
| 7. | Pretrial Motions I (Dismissal, Discovery/Brady, Bill of Particulars and the like) Responses due April 9, 2010. Reply briefs due April 23, 2010. Noting Date:  April 23, 2010. | 3/12/2010 |
| 8. | Status Conference | 5/19/2010 3:00 p.m. |
| 9. | Government to provide discovery under Rule 16(a)(1)(G) (expert discovery) | 7/9/2010 |

CASE SCHEDULING ORDER
NO. CR09-0209 RAJ – Page 2

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

| 10. | Status Conference | 7/27/2010<br>3:00 p.m. |
|---|---|---|
| 11. | Defense to provide expert witness disclosures under Fed. R. Crim. P. 16(b)(1)(C) | 8/20/2010 |
| 12. | Government to produce all summary exhibits and underlying data under Fed. R. Evid. 1006, including all information relating to Rick's customer counts | 9/3/2010 |
| 13. | Government's Designation of Title III Transcripts | 9/6/2010 |
| 14. | Status Conference | 9/15/2010<br>3:00 p.m. |
| 15. | Pretrial Motions II (Arising after review of discovery and substantial investigation; Suppression; Severance; Venue)<br>Response briefs 8/2/2010.  Reply briefs 8/16/2010.  Noting date: 8/16/2010. | 7/1/2010 |
| 16. | Defendants to produce all summary exhibits and underlying data under Fed. R. Evid. 1006, including all information relating to Rick's customer counts | 10/1/2010 |
| 17. | Parties to file motions *in limine*<br>Response briefs due October 29, 2010.  Reply briefs due November 5, 2010.  Noting date:  November 5, 2010. | 10/8/2010 |

CASE SCHEDULING ORDER
NO. CR09-0209 RAJ – Page 3

| 18. | Motions Re: Jury Selection, Jury Questionnaires; Attorney Voir Dire | 10/15/2010 |
| --- | --- | --- |
| 19. | Status Conference | 10/18/2010<br>3:00 p.m. |
| 20. | Defendants' Designation of Title III Transcripts | 11/1/2010 |
| 21. | Trial Briefs, Proposed Jury Instructions, Voir Dire and Verdict Forms to be filed by both parties. | 11/1/2010 |
| 22. | Government to produce Jencks Act, Rule 26.2 and *Giglio* impeachment materials, including information relating to known non-testifying declarants under Fed. R. Evid. 806 | 11/15/2010 |
| 23. | Government to provide witness list and exhibit list related to its case-in-chief | 11/15/2010 |
| 24. | Status Conference | 11/17/2010<br>3:00 p.m. |
| 25. | Defendants' witness and exhibit list | 11/29/2010 |

CASE SCHEDULING ORDER
NO. CR09-0209 RAJ – Page 4

ili
YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

| 26. | Parties to file supplemental motions *in limine*, based on new information in exhibit lists, witness lists, summary exhibits, Jencks Act statements, and *Giglio* materials<br><br>Response briefs due December 23, 2010.  Reply briefs due December 30, 2010.  Noting date: December 30, 2010. | 12/10/2010 |
|---|---|---|
| 27. | Status Conference and Hearing on Pretrial Motions | 12/13/2010<br>9:00 a.m. |
| 28. | Pretrial Conference | 1/3/2011<br>3:00 p.m. |
| 29. | Preliminary Jury Selection Hearing (Questionnaires) | 1/7/2011<br>9:00 a.m. |
| 30. | Defendants' Production of Rule 26.2 material | 1/10/2011 |
| 31. | Trial | 1/10/2011<br>9:00 a.m. |

///
///
///
///
///
///
///
///

CASE SCHEDULING ORDER
NO. CR09-0209 RAJ – Page 5

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

**IT IS SO ORDERED.**

DATED this 2nd day of December, 2009.

*Richard A Jones*
_____

The Honorable Richard A. Jones
United States District Judge

*Presented by:*

YARMUTH WILSDON CALFO, PLLC

By: *s/Angelo J. Calfo*
_____
    Angelo J. Calfo, WSBA # 27079
    Patricia A. Eakes, WSBA # 18888
    Andrea D. Ostrovsky, WSBA # 37749
    818 Stewart Street, Suite 1400
    Seattle, Washington 98101
    Phone: 206.516.3800
    Fax: 206.516.3888
    E-mail: acalfo@yarmuth.com
           peakes@yarmuth.com
           aostrovsky@yarmuth.com

*Counsel for Defendant Leroy Christiansen*

ı!ı
YARMUTH WILSDON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

# EXHIBIT D

FILED
MISSOULA, MT

2005 MAR 15   AM 9 53

PATRICK E. DUFFY
BY _C. D._____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 05-07-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| W. R. GRACE, ALAN R. STRINGER, | ) | |
| HENRY A. ESCHENBACH, JACK W. | ) | |
| WOLTER, WILLIAM J. McCAIG, | ) | |
| ROBERT J. BETTACCHI, O. MARIO | ) | |
| FAVORITO, ROBERT C. WALSH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

After considering the arguments of counsel and the dates

discussed for various deadlines in this case, I believe the

prudent course is to set trial later than I had first planned.

This presents a number of factors for consideration but in

the end I am satisfied that a later trial date is warranted.  The

schedule set forth herein affords the parties 18 months to

1

*91.*

prepare for trial.[1]  It is crucial, however, for the parties to understand that the trial date is firm from the Court's perspective.  This means that the trial date established herein will not be altered for any party's convenience.

Accordingly, IT IS HEREBY ORDERED that the following schedule shall govern all proceedings in this case:


| | |
|---|---|
| Trial date: | **September 11, 2006**<br>8:45 a.m.<br>Russell Smith Courthouse<br>Missoula, Montana |
| Deadline for the prosecution to produce all discoverable materials specified in Fed. R. Crim. P. 16(a) as well as the materials specified in the United States' Notice to Court (See ¶ below) | April 29, 2005 |
| Deadline for Government's production of a preliminary list of its intended witnesses and exhibits | May 27, 2005 |
| Deadline for filing of Defendants' discovery motions, including Rule 16, Brady, and cooperating agency discovery motions | August 1, 2005 |
| Deadline for motions to change venue | September 2, 2005 |
| Deadline for disclosure of prosecution's finalized list of | |

---

[1]The parties have stipulated, and I concur, that due to the number of defendants, the nature of the prosecution, and the existence of novel questions of law, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  See generally 18 U.S.C. § 3161.  I therefore find that all time occasioned by this scheduling order is excluded from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(B)(2).

```
witnesses and trial exhibits,
including finalized disclosure of
prosecution's expert witnesses              September 30, 2005

Deadline for motions based on
facial insufficiency of the charges         December 15, 2005

Deadline for Defendants' reciprocal
discovery under Rule 16(b)(1)
including disclosure of
Defendants' expert witnesses                January 16, 2006

Deadline for all remaining pretrial
motions (other than motions in limine)      March 1, 2006

Deadline for submission of
proposed joint jury questionnaire           May 31, 2006

Deadline for motions in limine             May 31, 2006

Plea agreement deadline                     July 31, 2006

Deadline for filing trial briefs,
proposed jury instructions,
proposed verdict forms & proposed
voir dire questions                         August 11, 2006
```

**This schedule must be strictly adhered to by the parties.**

**IT IS FURTHER ORDERED:**

    1.   Within ten days of the making this Order, each attorney of record in this case shall file a document certifying that he or she has read the Local Rules of the District of Montana.

    2.   For this case only, Local Rule 10.3(b) is modified, such that a party shall file one original and two copies of any motion or paper filed with the court.

    3.   For this case only, Local Rule CR 12.1(a) is modified to allow a party twenty (20) days in which to file a response brief to a motion, and ten (10) days following that in which to file a reply.

    4.   On or before the discovery deadline set above, the government shall, upon request of the attorneys for the defendants, provide to the defendant all discoverable materials specified in Federal Rule of Criminal Procedure 16(a).  The

government shall make specific disclosure of its intent to use
any statements or confessions made by the defendants.

    5.   The government's Rule 16(a) disclosure is expected to
include the following items:

    (a)  Approximately 2,500,000 pages of documents
produced by Defendant W.R. Grace in response to an
EPA 104(e) request during the Superfund process.

    (b)  All reports of interview, memoranda and
transcripts of interviews produced by
investigating agents on the prosecution team.

    (c)  Transcripts of testimony before the Federal Grand
Jury of all employees and former employees of
Defendant W.R. Grace.

    (d)  All written and recorded statements of the
defendants in the possession of the prosecution
team.

    (e)  Prior criminal records of all defendants.

    (f)  All documents and information produced in response
to Grand Jury subpoenas by the following persons
or entities:

        1.   Lincoln County Title Company
        2.   St. John's Lutheran Hospital
        3.   Melvin and Lerah Parker
        4.   City of Libby
        5.   Libby Public Schools
        6.   W.R. Grace & Company
        7.   Francis Landis
        8.   Glacier Bank
        9.   Sterling Title Services
        10.  Smith-Barney, Inc.
        11.  URS
        12.  Noranda Minerals Corporation
        13.  Minnesota Mining and Manufacturing Company
        14.  The Scotts Company
        15.  McGraw Hill Companies/SWEETS
        16.  Caplin Drysdale

    (g)  Information and documents obtained by the
prosecution team from the following governmental
agencies:

        1.   NIOSH
        2.   MSHA
        3.   Montana Department of Environmental Quality
        4.   OSHA
        5.   EPA
        6.   ATSDR
        7.   CPSC

    (h)  The administrative record of the Superfund process

between EPA and Defendant W.R. Grace concerning the clean-up at Libby, Montana.

6.    Upon compliance by the government with the defendants' discovery request, defendants shall supply reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b).

7.    The parties are under a continuing duty of disclosure and discovery of materials set forth herein, pursuant to Federal Rule of Criminal Procedure 16(c).

8.    If expert witnesses are engaged, the parties shall fully comply with the requirements of Rule 16(a)(1)(E) and Rule 16(b)(1)(C), respectively.  Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify.

9.    **Hearings & Oral Arguments:** Parties shall provide an alphabetized index of cases expected to be referenced, with citations, to the Court Reporter immediately prior to any oral argument or trial.

10.    All requests for service of subpoenas by the United States Marshal must be on file in the Clerk of Court's office no later than twenty (20) working days before the trial or hearing for which the request is made.  Except for good cause shown, service of subpoenas after said date is the responsibility of counsel. The provisions of Federal Rule of Criminal Procedure 17 must be complied with before any subpoena is issued.

11.    **Calling witnesses at trial:**  When a witness is called to testify at trial, counsel shall provide to the clerk of court **four (4) copies** of a single page document providing the following information about the witness: 1) the full name and current address of the witness; 2) whether the witness has given a statement (taped), a written statement, an interview with government agents (other than an AUSA), or grand jury testimony; 3) a brief description of the nature and substance of the witness's testimony; 4) a listing of each exhibit to which the witness may refer during direct examination.

12.    Any petition for a writ of habeas corpus for testimony or prosecution, along with a proposed order, must be filed no later than forty-five (45) days prior to the trial date for federal inmates, and no later than ten (10) days prior to the

trial date for state prison or county jail inmates.

13. The United States shall submit a trial brief when it submits jury instructions. Defendants may submit a trial brief. All trial briefs shall include legal authority for the party's position on all legal and evidentiary issues. **All trial briefs must be filed with the Clerk of Court and served on the other parties.**

14. In the absence of a signed plea agreement by the date specified in paragraph #1, the Clerk of Court will order a jury. Except for good cause shown, no plea agreement will be considered by the Court thereafter. Late filing may result in assessment of costs or the loss of the offense level reduction available pursuant to U.S.S.G. §3E1.1. **Plea agreements shall state clearly whether they are made pursuant to Federal Rule of Criminal Procedure 11(e)(1)(B) or 11(e)(1)(C).**

15. Originals of proposed *voir dire* questions shall be filed with the Clerk of Court at the same time as proposed jury instructions in the Division in which the case is venued by the date specified above; one working copy shall be faxed directly to the Chambers of Judge Donald W. Molloy at 406-542-7284.

16. **JURY INSTRUCTIONS:**

   (a) The parties shall jointly prepare a set of jury instructions upon which they agree (proposed joint instructions). These proposed jury instructions shall include all necessary stock criminal instructions. If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions. **No two instructions shall be submitted with the same number.**

   (b) By August 11, 2006, one working copy of the joint <u>and</u> supplemental instructions shall be filed with the Clerk of Court in the Division in which the case is venued. These are the originals and they will be docketed by the Clerk of Court. <u>For this purpose, Facsimile (FAX) submissions are not acceptable and will be disregarded by the court.</u>

   (c) By August 11, 2006, one working copy and one clean copy of the joint <u>and</u> supplemental instructions shall be submitted to the Clerk of Court in the Division in which the case is venued, marked for the attention of

6

Judge Molloy.  Both parties shall also submit working and clean copies of the joint and supplemental instructions on a 3.5″ disk in Wordperfect format.  The disk shall also be submitted to the Clerk of Court in the Division in which the case is venued, marked for the attention of Judge Molloy.

17.   **FORMAT OF JURY INSTRUCTIONS**

(a)   The **clean copy** shall contain
   1) a heading reading "Instruction No. ___", and
   2) the text of the instruction.

(b)   The **working copy** shall contain
   (1) a heading reading "Instruction No. ___",
   (2) the text of the instruction,
   (3) the number of the proposed joint or supplemental instruction,
   (4) the legal authority for the instruction, and
   (5) the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

(c)   Jury instructions shall be prepared in **12 point Courier typeface**.

18.   The parties are advised that final instructions for submission to the jury will be settled on the record, prior to closing argument, at which time counsel may present argument and make objections.

19.   All instructions shall be short, concise, and understandable and <u>neutral</u> statements of the law.  Argumentative instructions are improper, will not be given, and should not be submitted.  <u>The parties are strongly encouraged to submit proposed instructions taken from the current Manual of Model Criminal Jury Instructions for the Ninth Circuit.</u>

20.   The parties should also note that any modifications of instructions from statutory authority, Ninth Circuit pattern instructions, or DeVitt and Blackmar (or any other form instructions), must specifically state modification made to the original form instruction and the authority supporting the modification.

21.   **Verdict Form**: The parties shall submit a joint proposed verdict form with the proposed jury instructions by August 11, 2006 in hard copy as well as on a 3.5″ disk in Wordperfect

format. If parties are unable to agree on a verdict form, each party shall submit an individual proposed verdict form.

22. **Exhibits:** The United States shall use exhibit numbers 1-4,999 and defendants shall use 5,000 and up. In no event shall two or more parties use identical exhibit numbers. Exhibits are to be properly bound in a loose leaf binder and tabbed and submitted to the Court immediately prior to trial.

23. **Trial Notebook:** If the case proceeds to trial, the United States shall prepare and submit a trial notebook at least seven days prior to the trial date. The trial notebook shall include an index; the charging document; relevant statutes; parties' trial briefs, proposed voir dire, witness lists, exhibit lists, proposed jury instructions and verdict forms; and relevant orders entered in the case.

24. The parties may submit a proposed questionnaire no later than May 31, 2006, to be mailed to prospective jurors. The parties should attempt to agree on a form of a questionnaire. The Court will review the proposed questionnaire and may make changes in it before it is mailed to the prospective jurors. **The parties should submit both a paper copy of the proposed questionnaire and a copy on disk in Wordperfect format.**

25. **Failure to comply with any of the above requirements may subject the non-complying party and/or its attorneys to sanctions.**

DATED this ___ day of March, 2005.

_____
Donald W. Molloy, Chief Judge
United States District Court

CC: Cnsl. of Record

8

# EXHIBIT E

THE HONORABLE RICHARD A. JONES

1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR11-70RAJ |
| Plaintiff, | |
| vs. | ORDER CONTINUING TRIAL DATE AND SETTING CASE SCHEDULE |
| ROMAN SELEZNEV, | |
| Defendant. | |

The Court, having reviewed the record and files in this case and after a consideration of all relevant information and the circumstances of this case, finds that the ends of justice will best be served by continuing the trial date to May 9, 2016, and orders the parties to comply with the complex case schedule set forth below. The ends of justice outweigh the best interests of the public and the defendant in having the matter brought to trial sooner.

The Court makes the following findings:

1.      Defendant Roman Seleznev is charged in a Second Superseding Indictment with violations of federal criminal law, including wire fraud in violation of 18 U.S.C. § 1343; crimes in connection with computers in violation of 18 U.S.C. § 1030; access device fraud in violation of 18 U.S.C. § 1029; and aggravated identity theft in violation of 18 U.S.C. § 1028A. The charges in the Second Superseding Indictment involve allegations of a complex

ORDER CONTINUING TRIAL DATE
AND SETTING CASE SCHEDULE - 1

1    international computer fraud scheme, the object of which was to steal credit card numbers

2    which would then be illegally resold over the internet and used to engage in fraudulent

3    transactions. The Second Superseding Indictment alleges that defendant, using computer

4    infrastructure located in numerous countries around the world, trafficked in millions of credit

5    card numbers, thereby victimizing millions of banks, businesses and individuals, and

6    generating millions of dollars in illicit profits for the defendant.

7          2.      On May 13, 2015, the Court granted defendant's Motion for Appointment of

8    New Counsel. (Dkt. No. 164.) On May 22, 2015, the Court ordered the appointment of

9    Angelo J. Calfo. (Dkt. No. 165.)

10         3.      The government and defense counsel have indicated that the discovery in this

11    case is voluminous and complex; involves the analysis of multiple complex computer systems;

12    and involves investigations by the government in multiple jurisdictions. Because of the

13    appointment of new counsel, defendant will require substantial additional time in order to

14    adequately review the discovery and prepare for any motions and trial.

15         4.      Based on the foregoing, the Court finds that the ends of justice will best be

16    served by a continuance of the trial date and outweigh the best interests of the public and the

17    defendant in a speedy trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

18         5.      The Court further finds that the failure to grant such a continuance in this case

19    would likely result in a miscarriage of justice because the defendant would be denied the

20    reasonable time necessary for effective preparation, taking into account the exercise of due

21    diligence. 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

22         6.      The Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), that the case is so

23    unusual and complex, due to the nature of the prosecution, the existence of novel questions of

24    fact or law, and the volume of discovery that it would be unreasonable to expect adequate

25    preparation for trial within the time limits established by 18 U.S.C. § 3161.

ORDER CONTINUING TRIAL DATE
AND SETTING CASE SCHEDULE - 2

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

7.      The Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv), that the period of delay is reasonable.

8.      Any and all period of delay resulting from this continuance, from the date of this order, until the date of the rescheduled trial, shall be excludable time pursuant to Title 18, United States Code, Section 3161(h)(7)(A), for purposes of computation of the time limitations imposed by the Speedy Trial Act, Title 18, United States Code, Section 3161 through 3164.

It is therefore ORDERED that trial of this matter is hereby continued to 9:00 a.m. on May 9, 2016, and that the parties shall observe the following complex case schedule:

| Event | Date Ordered |
| --- | --- |
| Status Conference | June 26, 2015 at 9:00 a.m. |
| Government to provide discovery under Fed. R. Crim. P. 16(a)(1)(A) – (F) and Local CrR 16(a)(1), with continuing obligation as set forth in Rule 16(c) | Already passed |
| Status Conference and Evidentiary Hearing on Defendant's Motion to Dismiss | October 23, 2015 at 9:00 a.m. |
| Deadline to file Pretrial Motions I (Dismissal, Discovery/Brady, Bill of Particulars, etc.).  Response briefs due November 16, 2015; Reply briefs due November 23, 2015 | October 26, 2015 |
| Status Conference and Hearing on Pretrial Motions I | December 11, 2015 at 9:00 a.m. |
| Government to provide its preliminary exhibit list related to its case in chief | December 30, 2015 |
| Government to provide any additional evidence favorable to the defendant or material to defendant's guilt or punishment, including any agent notes, memoranda, or email containing *Brady* material | December 30, 2015 |
| Government's preliminary identification of all 404(b) evidence | December 30, 2015 |
| Government to provide its preliminary witness list relevant to its case in chief | December 30, 2015 |
| Government to provide discovery under Rule 16(a)(1)(G) (expert discovery) | December 30, 2015 |

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

| Event | Date Ordered |
|---|---|
| Deadline to file Pretrial Motions II (Arising after review of discovery and substantial investigation; Suppression; Severance; Venue. Response briefs due Feb. 8, 2016; Reply briefs due February 15, 2016 | January 19, 2016 |
| Government to produce Jenks Act, Rule 26.2, and *Giglio* impeachment materials, including information relating to known non-testifying declarants under Fed. R. Evid. 806 (if any) | January 25, 2016 |
| Defendant to make preliminary production of discovery under Rule 16(b)(1)(A)-(B) and Local CrR(a)(2), based on current good faith assessment of materials in his possession, with continuing obligation as set forth in Rule 16(c), and without prejudice to subsequent production on March 1, 2016 | January 29, 2016 |
| Status Conference & Hearing on Pretrial Motions II | February 26, 2016 at 9:00 a.m. |
| Defendant to provide discovery under Rule 16(b)(1)(A)-(B) and Local CrR 16(a)(2) (with continuing obligation as set forth in Rule 16(c)) | March 1, 2016 |
| Defendant to provide his preliminary exhibit list related to his case-in-chief | March 1, 2016 |
| Defendant to provide his preliminary witness list related to his case-in-chief | March 1, 2016 |
| Defendant to provide discovery under Rule 16(b)(1)(C) (expert discovery) | March 1, 2016 |
| Status Conference | March 11, 2016 at 9:00 a.m. |
| Government to produce all summary exhibits and underlying data under Fed. R. Evid. 1006; Government to provide rebuttal expert disclosures | March 28, 2016 |
| Government to produce its final witness list and exhibit list related to its case-in-chief and final disclosure of Rule 404(b) evidence | April 1, 2016 |
| Defendant to produce his final witness list and exhibit list related to his case-in-chief | April 8, 2016 |
| Parties to file motions *in limine* and motions re: 404(b) and inextricably intertwined evidence. Response briefs due 04/22/16; Reply briefs due 04/28/16. | April 11, 2016 |

ORDER CONTINUING TRIAL DATE
AND SETTING CASE SCHEDULE - 4

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| Event | Date Ordered |
|---|---|
| Defendant to produce all summary exhibits and underlying data under Fed. R. Evid. 1006; Defense to provide rebuttal expert disclosures | April 18, 2016 |
| Trial Briefs, Proposed Jury Instructions, Voir Dire and Verdict Forms | April 18, 2016 |
| Pretrial conference; Hearing on motions *in limine* (if necessary) | April 29, 2016 at 9:00 a.m. |
| Trial | May 9, 2016 at 9:00 a.m. |

DATED this 26th day of June, 2015.

The Honorable Richard A. Jones
United States District Judge

ORDER CONTINUING TRIAL DATE
AND SETTING CASE SCHEDULE - 5

# EXHIBIT F

| From: | Angelo Calfo |
|---|---|
| Sent: | Tuesday, September 08, 2015 8:42 AM |
| To: | 'Friedman, Andrew (USAWAW)' |
| Cc: | Storm, Arlen (USAWAW); Frierson, Katheryn K. (USAWAW) |
| Subject: | RE: Troy Kelley |

Andrew,

Thanks for your message.  We plan on making a motion to continue the trial date today or tomorrow, and to ask for a case scheduling order.  I would love to try and work out a reasonable case schedule if you're willing to reconsider your position set out below.  I think it is plain that the deadlines in the local criminal rules for the provision of discovery and the submission of witness and exhibit lists (just by way of example) are inadequate to allow for effective trial preparation by the defense.  This is a legally and factually complex case..  In our view, it would be appropriate for the U.S. Attorney's Office to agree to a case schedule like those it has consented to in numerous similar cases over the past two decades.  The case schedule in *Seleznev*, with which I know you are familiar, is just one of those cases.

Sincerely,

Angelo

**From:** Friedman, Andrew (USAWAW) [mailto:Andrew.Friedman@usdoj.gov]
**Sent:** Thursday, September 03, 2015 6:04 PM
**To:** Angelo Calfo
**Cc:** Storm, Arlen (USAWAW); Frierson, Katheryn K. (USAWAW)
**Subject:** FW: Troy Kelley

Angelo,

We have discussed your proposed scheduling order.  As you know, the Court already has entered an order establishing the deadline for filing and responding to pretrial motions.  In addition, the local rules establish deadlines for most of the issues that you raise.  As a result, we do not believe that there is any need for a scheduling order of the type that you are proposing.  To the extent that you are seeking a continuance of the trial, and have contacted the Court concerning that possibility (as we discussed yesterday), we are glad to discuss that.  I'm out on the 9th, but we could all be available to discuss that issue the following day.

In terms of the length of our case, we estimate that it will take 2-3 weeks to present, assuming reasonable cross examination.

Finally, as regards your suggestion that your client waive his appearance at the arraignment on a superseding indictment, we wish to discuss that with others in the Office before responding.  We'll have an answer for you on that tomorrow.

Thanks,

Andrew