1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                         WESTERN DISTRICT OF WASHINGTON

9                                    AT TACOMA

10

UNITED STATES OF AMERICA,                     CASE NO. CR15-5198 RBL

11

ORDER GRANTING
12                      Plaintiff,            DEFENDANT'S MOTION FOR
                                             CONSOLIDATION AND AN
13          v.                               EVIDENTIARY HEARING

14    TROY X. KELLEY,                         DKT. #58

15

16                      Defendant.

17

18          THIS MATTER comes before the Court on Defendant Troy Kelley's Motion for

19   Consolidation and an Evidentiary Hearing [Dkt. # 58]. In April 2015, the government indicted

20   Kelley for possession of stolen funds and money laundering. It subsequently commenced a

21   miscellaneous proceeding to obtain an *ex parte* civil seizure warrant from U.S. Magistrate Judge

22   Brian Tsuchida, in Seattle. The government seized $908,397.51 from Kelley's former counsel's

23   trust account.

24

1    Kelley challenges the seizure, and asks this court to consolidate this criminal case and the

2    Seattle miscellaneous case. He also seeks an evidentiary hearing on whether the government had

3    probable cause to seize the funds. He argues the two proceedings involve the same property and

4    facts, and that the Court must hold an evidentiary hearing under Civil Rule 65 to determine

5    whether the government had probable cause to seize his property.

6    The government argues that a civil forfeiture proceeding is the proper venue to dispute its

7    seizure of Kelley's assets, even if the court delays the proceeding until after Kelley's criminal

8    trial. And until it commences such a proceeding, there is nothing for the Court to consolidate.

9    Even then, it opposes consolidation, arguing that its legal theories in the cases are similar, but not

10   identical.

11   The government has engaged Kelley in an elaborate chess match. While this Court will

12   not obstruct the government's ply,[1] it will ensure the case proceeds in accordance with the

13   Constitution.

14                                    **I.    DISCUSSION**

15   Kelley was indicted in April 2015. On September 2, 2015, the United States Attorney's

16   Office obtained an *ex parte* warrant from U.S. Magistrate Judge Tsuchida to seize $908,397.51

17   from a trust account held by Kelley's former counsel, Davis Wright Tremaine. *See In Re: The*

18   *sum of $908,397.51 in United States Funds Contained in Bank of America Trust Account No.*

19   *xxxxxxxx3414*, Dkt. #1 (Misc. Case No. 15-129 BAT W.D. Wa).

20   The government espoused a theory in the affidavit supporting its warrant request different

21   than the theory it later presented to the grand jury. FBI Special Agent Michael Brown averred in

22   his affidavit that a FBI accountant traced this trust money from a wire transfer to Kelley's

23   _____

24        [1] A ply is a move by one opponent in a chess match.

1   alleged money laundering proceeds: converted, non-refunded reconveyance fees and wire fraud

2   proceeds totaling approximately $1,463,171 in stolen funds. [Dkt. #64, Exhibit A at 25]. Brown

3   claimed Kelley's comingled $908,397.51 was subject to forfeiture under 18 U.S.C. §

4   981(a)(1)(A),[2] which makes any property involved in a money laundering transaction in

5   violation of 18 U.S.C. § 1956 subject to civil forfeiture. Brown cited *United States v. Baker*, 227

6   F.3d 955, 967-70 (7th Cir. 2000), for the proposition that the term "involved in" includes not just

7   the $1,463,171 in stolen proceeds but also the $908,397.51 and any other property allegedly used

8   to facilitate Kelley's alleged laundering.

9       In a superseding indictment filed the next day, the government used an alternative theory

10   to charge Kelley with a number of crimes and to set forth two forfeiture actions. [Dkt. #38.]

11   Count 1 charges him with possession and concealment of stolen property in violation of 18

12   U.S.C. § 2315. *Id*. at 30. If convicted, Kelley must forfeit all property that constitutes or is

13   derived from proceeds traceable to this offense under 18 U.S.C. § 981(a)(1)(C). The government

14   contends this property is the approximately $1,463,171 of stolen proceeds.

15       Counts 6-10 charge Kelley with money laundering designed to conceal and disguise the

16   nature, location, source, ownership, and control of his allegedly fraudulent proceeds. *Id*. at 37-40.

17   If convicted for money laundering in violation of 18 U.S.C. § 1956, Kelley must forfeit any

18   property involved in or traceable to such an offense under 18 U.S.C. § 982(a)(1), which governs

19   criminal forfeiture. This property allegedly includes $447,421.00 that Kelley paid to the United

20

21

22

23

24

[2] *See* CIVIL ASSET FORFEITURE REFORM ACT OF 2000, PL 106–185, April 25, 2000, 114 Stat 202.

1  States Treasury in anticipation of his 2016-20 taxes and the $908,397.51 held in trust by Davis

2  Wright.[3]

3        On September 8, 2015, the government executed its warrant, seizing the $908,397.51.[4]

4  The government used Section 981 (civil forfeiture) to seize it as laid out in Brown's affidavit,

5  rather than Section 982 (criminal forfeiture) as charged in its superseding indictment.

6        The parties debate whether the Court should examine the propriety of this civil seizure.

7  Kelley seeks an immediate evidentiary hearing for review of the government's *ex parte* seizure

8  of his assets. The government contends that he is not entitled to a pre-trial evidentiary hearing for

9  two reasons. It argues that statutory law and the Supplemental Rules require only a civil

10  forfeiture proceeding, which it plans to commence on or before December 2, 2015.[5] It further

11  argues that an exception permitting hearings before a civil forfeiture proceeding—a showing of a

12  substantial basis to question the magistrate judge's probable cause finding and demonstrable

13  financial hardship such that one's Sixth Amendment rights would be jeopardized—does not

14  apply to Kelley.

15        From the outset, the government's tactics present due process concerns. The government,

16  wrongly or rightly, seized Kelley's assets under Section 981. If the government had seized the

17  money under Section 982, as charged in the superseding indictment, it would have had to

18  demonstrate to Judge Tsuchida that a seizure was necessary to assure the property's availability

19  for forfeiture. *See* 18 U.S.C. § 982(b)(1); *see also* 21 U.S.C. § 853(f). The government likely

20  _____

21     [3] The superseding indictment also claims that if Kelley is convicted and the property
identified is no longer available as a result of his acts or omissions, Kelley owes substitute
22  property under 21 U.S.C. § 853(p). *Id*. at 47-8.
   [4] Kelley's former counsel, Mark Bartlett, represented in May 2015 that Davis Wright
23  would not touch this money held in trust unless ordered to do so by a court. [Dkt. #28].
   [5] The government's Response suggests it will request a stay until completion of Kelley's
24  criminal trial. [Dkt. #64].

ORDER GRANTING DEFENDANT'S MOTION
FOR CONSOLIDATION AND AN EVIDENTIARY
HEARING - 4

1  could not have satisfied this burden because Kelley had agreed to a standstill and,

2  notwithstanding the agreement, his former counsel had promised not to touch the assets held in

3  trust unless ordered to do so by the Court. [Dkt. #28]. Similarly, if the government had sought to

4  restrain, not seize, Kelley's assets under Section 981, he would have been afforded a prompt

5  adversarial hearing. *See* 18 U.S.C. § 983(j). At such a hearing, the government would have

6  needed to show a likelihood that the property would be unavailable for forfeiture. *See id*.

7        The Court, cognizant of the inconsistent applicability of these procedural protections,

8  first considers whether due process requires Kelley receive a post-seizure pre-criminal trial

9  hearing. If so, it must determine whether to consolidate the miscellaneous seizure action filed in

10  Seattle (2:15-ms-00129) and the government's forthcoming civil forfeiture action with Kelley's

11  criminal case (3:15-cr-05198RBL). And third, which rules would govern such a hearing.

12  **A.    Due Process Requires Kelley Receive a Post-Deprivation Hearing Prior to his
       Criminal Trial Involving His Seized Assets.**

13
14        Kelley argues that he is entitled to an evidentiary hearing under Civil Rule 65. He argues

    that in the Ninth Circuit, courts must provide defendants with a pretrial opportunity to challenge
15
16  the seizure and restraint of their assets to avoid a deprivation of their Fifth Amendment due

17  process rights.

18        The government responds that the Ninth Circuit case law cited by Kelley is inapposite,

19  because it concerns criminal restraints of assets, not civil seizures. It argues that the procedural

20  rules governing civil forfeitures apply instead, and they do not afford Kelley a pre-trial, post-

    seizure evidentiary hearing outside of a civil forfeiture proceeding.
21
22        "Procedural due process imposes constraints on governmental decisions which deprive

23  individuals of … 'property' interests within the meaning of the Due Process Clause of the Fifth

24  or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893 (1976). It

fundamentally requires the opportunity to be heard at a meaningful time and in a meaningful manner. *See Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187 (1965) (citing *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S. Ct. 779, 783 (1914)). This constitutional right protects an individual from substantively unfair or mistaken seizures of his property by ensuring that the government follows a fair process when it deprives him of his property. *See Fuentes v. Shevin*, 407 U.S. 67, 81, 92 S. Ct. 1983 (1972).

Courts have generally held that a pretrial seizure of forfeitable assets does not violate a defendant's Fifth Amendment rights. *See United States v. Unimex, Inc*., 991 F.2d 546, 550 (9th Cir. 1993). Due process, though, is not a technical conception with a fixed content unrelated to time, place, and circumstances. *See Mathews*, 424 U.S. at 334 (citing Cafeteria Workers v. McElroy, 367 U.S. 886, 895, 81 S. Ct. 1743 (1961)). Rather, it calls for such procedural protections as the particular situation demands. *See id*. (citing Morrissey v. Brewer, 408 U.S. 471, 481, 92 S. Ct. 2593 (1972)). The Supreme Court has explicitly reserved the question of whether a pretrial seizure based on a finding of probable cause violates the Due Process Clause when the defendant is not granted a hearing. *See United States v. Monsanto*, 491 U.S. 600, 615 n. 10, 109 S. Ct. 2657 (1989). Thus, this Court must determine whether due process demands Kelley receive an evidentiary hearing prior to his criminal trial, instead of the delayed civil forfeiture proceedings that the government proffers as proper.

### 1. Civil Seizure and Forfeiture Proceedings.

18 U.S.C. § 981, 983 work with the Supplemental Rules to govern civil seizures and forfeiture proceedings. The government seized Kelley's property under 18 U.S.C. § 981. This section explains that the government must obtain a seizure warrant in the same manner as a search warrant under the Criminal Rules. *See* 18 U.S.C. § 981(b)(2). It also explains that a court

1   shall issue a stay if it determines that civil discovery will adversely affect the ability of the

2   government to investigate or prosecute a related criminal case. *See* 18 U.S.C. § 981(g)(3). Lastly,

3   Section 981 permits a claimant to make a motion for the return of his property, although it fails

4   to lie out further instruction. *See id.* at (b)(3). Presumably, one makes this motion in accordance

5   with Section 983.

6       Section 983 offers details about civil forfeiture proceedings. Under this section, the

7   government has 90 days after seizing one's property either to file a complaint commencing a

8   civil forfeiture proceeding or to return the property. *See* 18 U.S.C. § 983(a)(3)(A). During this

9   forfeiture proceeding, the government bears the burden of proof. It must establish by a

10  preponderance of the evidence that the property is subject to forfeiture and that there is a

11  substantial connection between the property and the offense. *See id.* at (c). A claimant in a civil

12  forfeiture proceeding may petition for the release of his property, so long as the property does

13  not constitute contraband, currency, or electronic funds. *See* 18 U.S.C. § 983(f)(8).[6]

14      The Supplemental Rules comprehensively present the rules for forfeiture actions *in rem*

15  arising from a federal statute.[7] *See* 18 U.S.C. § 983(a)(3). Supplemental Rule G specifically

16  governs forfeiture actions, and to the extent that it fails to address an issue, Supplemental Rules

17  C and E and the Federal Rules of Civil Procedure apply. *See* Fed. R. Civ. P., Supp. R. G(1).

18  Supplemental Rule G requires a court to make a probable cause finding that the property to be

19

20

21      [6] Those whose property is restrained, a less severe action than a seizure, are offered a
    hearing at the earliest possible time under 18 U.S.C. § 981(j). The Court questions the reasoning
22  behind this distinction, because whether the government seeks a seizure warrant or a restraining
    order, the court must make the same preliminary determination: that probable cause exists to
    conclude the property is subject to forfeiture. *See* 18 U.S.C. § 981(b)(3).

23      [7] Enacted after CAFRA, Supplemental Rule G applies to actions governed by CAFRA
    and to those excluded from it. *See* Stefan D. Cassella, Asset Forfeiture Law in the United States
24  240 (2nd ed. 2013).

ORDER GRANTING DEFENDANT'S MOTION
FOR CONSOLIDATION AND AN EVIDENTIARY
HEARING - 7

1    seized is subject to forfeiture before issuing the government an arrest warrant, similar to

2    Criminal Rule 41 and 18 U.S.C. § 981(b)(2). *See id*. at (3)(b). It also allows a claimant to petition

3    for the release of his property under 18 U.S.C. § 983(f), *see id*. at 8(d); this section, however,

4    continues to exclude those whose property constitutes contraband, currency, or electronic funds

5    from petitioning for the immediate release of their property. *See* 18 U.S.C. § 983(f)(8).

6         Supplemental Rule E declares that a claimant is entitled to a prompt hearing at which the

7    government must show why the court should not vacate the arrest. This section does not apply to

8    forfeitures resulting from violations of statutory law. *See* Fed. R. Civ. P., Supp. R. E(4)(f).

9    Section C does not make any motions available to a claimant. Consequently, Sections 981 and

10   983 and the Supplemental Rules do not provide an individual deprived of his money a hearing

11   evaluating the validity of his deprivation prior to a civil forfeiture proceeding.

12         **2.**     **Constitutional Sufficiency.**

13         The government argues Kelley is not entitled to a hearing because a civil forfeiture

14   proceeding, even if stayed, would satisfy due process. It cites three cases decided by federal

15   judges sitting in New York for this proposition. *See United States v. Any and All Funds on*

16   *Deposit in Account Number 0139874788, at Regions Bank, Held in the Name of Efans Trading*

17   *Corp., et al.*, 2015 WL 247391 (S.D. N.Y. Jan. 20, 2015); *In re The Premises Known and*

18   *Described as 100 Sweeneydale Ave.*, 2015 WL 3607572 (E.D. N.Y. June 6, 2015); *In Re the*

19   *Seizure of Any and All Funds on Deposit in Wells Fargo Bank, NA Account Number xxxxxxx,*

20   *Held in the Name of Roger and Sons, Inc.*, 25 F. Supp. 3d 270 (E.D. N.Y. 2014). In each of these

21   cases, the district courts denied the defendants' requests for a probable cause hearing, reasoning

22   that the civil forfeiture proceeding satisfied due process.

23

24

ORDER GRANTING DEFENDANT'S MOTION
FOR CONSOLIDATION AND AN EVIDENTIARY
HEARING - 8

1    The Court will not follow these cases for two reasons. First, none of them involved an

2  intertwined criminal action that would cause a stay of the civil forfeiture proceeding,

3  significantly delaying the claimant's opportunity to be heard. In this regard, the Court cannot

4  outright accept the conclusion that a pre-criminal trial hearing would be a superfluous procedural

5  protection. *See Efans*, 2015 WL 247391, at *14; *see also Sweeneydale*, 2015 WL 3607572, at

6  *10-11; *Roger and Sons,* 25 F. Supp. 3d at 279-80.

7    Second, *Efans* and *Sweeneydale* relied upon the Supreme Court's *Kaley* decision to

8  conclude the claimants had "no right to relitigate the [magistrate judge's] probable cause

9  finding" for the issuance of a seizure warrant. *See Efans*, 2015 WL 247391, at *14 (citing *Kaley*

10 *v. United States*, 134 S. Ct. 1090, 1105 (2014)); *see also Sweeneydale*, 2015 WL 3607572, at

11 *10-11. *Kaley* announces that claimants are not entitled to challenge a grand jury's probable

12 cause determination at a post-restraint pre-trial hearing. *See Kaley*, 134 S. Ct. at 1105. Because

13 courts commonly review magistrate judges' issuances of warrants, this Court disagrees that

14 *Kaley* prohibits courts from reviewing a magistrate judge's probable cause determination when a

15 defendant never had an opportunity to litigate the warrant's merits. *See United States v. Johns*,

16 948 F.2d 599, 602 (9th Cir. 1991) (citing *Illinois v. Gates,* 462 U.S. 213, 238, 103 S. Ct. 2317,

17 (1982)).

18    Thus, this Court must determine whether a significantly delayed civil forfeiture

19 proceeding satisfies due process, or if a post-seizure pre-criminal trial hearing is needed. The

20 Supreme Court outlined three factors courts should consider when assessing the constitutional

21 sufficiency of procedural protections under the Due Process Clause: (1) the private interest at

22 stake, (2) the burden the requested procedure would impose on the government, and (3) the

23 probable value of the additional safeguard as compared to the risk of an erroneous deprivation

24

ORDER GRANTING DEFENDANT'S MOTION
FOR CONSOLIDATION AND AN EVIDENTIARY
HEARING - 9

1    without it. *See Mathews,* 424 U.S. at 335. The Court must therefore balance Kelley's interest in

2    the prompt return of his seized $908,397.51 that his former counsel was holding in trust, the

3    burden an expedited post-seizure hearing would impose on the government, and the probable

4    value of this additional safeguard versus the risk of an erroneous deprivation without it. *See*

5    *Mathews,* 424 U.S. at 335.

6         First, Kelley's interest in the prompt return of his nearly $1 million is great. The

7    government's briefing suggests it will request a stay of the forthcoming civil forfeiture

8    proceeding pending resolution of Kelley's criminal case. A stay would thereby delay resolution

9    of the validity of the government's pre-trial seizure of his assets by approximately one year, if

10   such a hearing ever takes place.[8] The potentiality exists that resolution of Kelley's criminal case

11   could moot his civil forfeiture proceeding if a jury concluded an underlying crime subjecting the

12   proceeds to forfeiture had occurred. *See Unimex,* 991 F.2d at 551.

13        Second, an expedited hearing should not impose too great of a burden on the government

14   because it already made a probable cause argument before Judge Tsuchida, albeit *ex parte.*

15   Third, a court could conclude probable cause did not exist for the government to seize Kelley's

16   money if it agrees with Kelley's rendition of the facts of law. Kelley argues the seized funds are

17   neither tainted nor traceable to the alleged underlying crime. And even if they were, they are not

18

19

20        [8] To assess whether a delay in the commencement of civil forfeiture proceedings
     specifically is reasonable, courts balance four factors: (1) the length of the delay; (2) the reason
     for the delay; (3) the claimant's assertion of his right to a judicial hearing, and (4) any prejudice

21   to him. *See United States v. Eight Thousand Eight Hundred and Fifty Dollars In United States*
     *Currency,* 461 U.S. 555, 564, 103 S. Ct. 2005 (1983) (citing *Barker v. Wingo,* 407 U.S. 514, 92

22   S. Ct. 2182 (1972)). While the Court is not tasked with evaluating the reasonableness of a
     delayed forfeiture proceeding at this time, this test demonstrates the unreasonableness of

23   delaying Kelley a hearing, no matter what the form: the delay is substantial, he has asserted his right to
     a hearing, and the possibility exists that the government seeks the delay for tactical reasons, so it

24   can pursue alternative laundering theories.

1   forfeitable because he cannot be convicted of money laundering, since the statute of limitations

2   has already expired. He also argues that the truthfulness of the affidavit supporting the

3   government's seizure warrant request is highly suspect because the FBI accountant who

4   performed the financial tracing analysis is under investigation. An immediate adversarial hearing

5   will resolve these allegations, thereby greatly decreasing the risk of an erroneous and prolonged

6   deprivation of Kelley's assets.

7         Therefore, due process demands Kelley receive an evidentiary hearing prior to his

8   criminal trial. The Court concludes that a significantly delayed forfeiture proceeding will not

9   present an adequate remedy under the law because it fails to provide Kelley with a meaningful

10   opportunity to be heard at a meaningful time, as due process requires. *See Manzo*, 380 U.S. at

11   552.

12   **B.**     **The Miscellaneous Seizure/Forfeiture Action is Transferred to this Court and Consolidated with Kelley's Criminal Case, Subject to Possible Bifurcation.**

13

14         Kelley asks the Court to consolidate the seizure review/forthcoming civil forfeiture action

15   with his ongoing criminal case because both actions involve the same property and factual

16   subject matter. He also argues that consolidation would enable the Court to manage and

17   scrutinize the government's forfeiture actions.

18         The government concedes that once it files a civil forfeiture action on or before

19   December 2, 2015, it will support a transfer of that related case to this court; however, it argues

20   against consolidation because its civil and criminal cases against Kelley propound different

21   forfeiture theories and focus on different money-laundering transactions. The government argues

22   that the Court should keep the cases separate because different rules will apply to each

23   proceeding.

24

1      A district court may transfer any civil action to any other district or division where the

2   plaintiff could have filed the case for the convenience of the parties and in the interest of justice.

3   *See* 28 U.S.C. § 1404. Because the government could have filed its request for a seizure warrant

4   in Tacoma and due process requires Kelley receive a post-seizure hearing prior to his criminal

5   trial involving the same funds, Miscellaneous Case No.15-129 is REOPENED AND

6   TRANSFERRED to this Court in the interest of justice. *See* 18 U.S.C. § 981(b)(3); *see also*

7   *United States v. Certain Real Property*, 972 F.2d 136 (6th Cir. 1992) (acknowledging that the

8   district court consolidated the criminal and civil forfeiture actions). The Court therefore takes

9   jurisdiction over the related forthcoming civil forfeiture action.

10      Consolidation is appropriate under Civil Rule 42 when actions before the Court involve a

11   common question of law or fact. The Court has discretion as to whether it joins any or all matters

12   at issue in the actions. *See* Fed. R. Civ. P. 42. Because the seizure/forfeiture action and the

13   criminal case involve the same property and similar charges, these proceedings are

14   CONSOLIDATED, although the Court may later bifurcate them.

15   **C.      Ninth Circuit Case Law Indicates Criminal Rule 41(g) Governs Pre-trial Hearings
        for the Return of Assets that the Government Has Seized with a Civil Warrant.**

16

17      Accordingly, the parties' dispute reduces to which rule will govern the pre-criminal trial

18   adversarial hearing. Kelley argues that *United States v. Crozier*, 777 F.2d 1376 (9th Cir. 1985),

19   and *United States v. Roth*, 912 F.2d 1131 (9th Cir. 1990), are analogous to his circumstances, and

20   so dictate that Civil Rule 65 should govern his evidentiary hearing. The government argues that

21   *Unimex*, in which the defendant corporation appealed the denial of its Criminal Rule 41(g)

22   motion, controls instead. It does not suggest Kelley should have styled a Rule 41(g) motion, but

23   it does allege that *Unimex* requires a two-part showing, which Kelley cannot satisfy, before a

24   court can hold a pre-trial hearing.

ORDER GRANTING DEFENDANT'S MOTION
FOR CONSOLIDATION AND AN EVIDENTIARY
HEARING - 12

1    *Crozier* and *Roth* each involve the restraint of a defendant's assets under 21 U.S.C. § 853

2    (criminal forfeitures). Crozier was charged with engaging in a continuing criminal enterprise, the

3    penalties for which include forfeiture of all profits obtained through that alleged criminal

4    enterprise. *See Crozier*, 777 F.2d at 1382. A district court granted the government's *ex parte*

5    motion for a restraining order. *See id*. On appeal, the Ninth Circuit concluded that the district

6    court had failed to hold a hearing on the validity of the government's restraining order, because

7    under Civil Rule 65, an immediate hearing should take place whenever the court grants a

8    temporary restraining order *ex parte*. *See id*. In light of developments in the case law, the

9    Supreme Court later vacated this decision and remanded the case to the Ninth Circuit for further

10    consideration. *See id*.

11    Before the Ninth Circuit reconsidered the case, Congress enacted the Comprehensive

12    Crime and Control Act of 1984, which adds criminal forfeiture provisions to the act under which

13    Crozier was indicted. *See id*. This Act provides that upon the government's application, a court

14    may enter a restraining order against property that may be subject to forfeiture under federal drug

15    laws. *See* 21 U.S.C. § 853.

16    The Ninth Circuit held on remand that the Act's forfeiture provisions do not satisfy due

17    process: "We believe that the absence of any hearing on the imposition of a restraining order on

18    a defendant's property, or a hearing for parties with a third party interest which takes place

19    months or years after a restraining order is issued, cannot be construed as a hearing provided at a

20    meaningful time. The risk of an erroneous deprivation under these procedures is high." *See id.* at

21    1384. Concluding that 21 U.S.C. § 853 fails to protect the rights of defendants and third parties,

22    the Ninth Circuit again ordered the district court to hold a hearing in accordance with Civil Rule

23    65. *See id*.

24

ORDER GRANTING DEFENDANT'S MOTION
FOR CONSOLIDATION AND AN EVIDENTIARY
HEARING - 13

1    In *Roth*, the Ninth Circuit affirmed its *Crozier* decision. *See* 912 F.2d at 1133. It again

2    explained that in the absence of valid procedural guidelines in 21 U.S.C. § 853's forfeiture

3    provisions, an *ex parte* pre-trial restraining order cannot ripen into a constitutional preliminary

4    injunction unless a district court promptly holds a hearing and determines that the government

5    demonstrated probable cause on the merits of its forfeiture claim. *See id.* at 1132-33.

6    *Unimex*, however, involves the civil seizure of assets under 18 U.S.C. § 981—the same

7    statute under which the government seized Kelley's money. 991 F.2d 546. The government

8    charged Unimex, Inc. with conspiring to launder drug money and failing to file currency

9    transaction reports and seized all of its assets prior to trial under 18 U.S.C. § 982(a)(1). *See id.* at

10   547-48. The government then filed a parallel civil forfeiture action under 18 U.S.C. § 981 for

11   substantially the same conduct. *See id.* at 548. The criminal and civil proceedings were before

12   different judges in the same district. *See id.* at 550.

13   Unimex moved for the return of its allegedly untainted assets ($100,000 of the

14   $2,000,000 seized) so that it could retain counsel. *See id.* It provided the district court overseeing

15   its criminal case with an affidavit from its bookkeeper, swearing that it had engaged lawfully in

16   its business activities. *See id.* The government responded that in its affidavit submitted *ex parte*

17   in support of the seizure, its agent had sworn that Unimex was a front for money laundering. *See*

18   *id.* The district court denied the motion on its belief that Unimex needed to make its motion

19   before the civil forfeiture judge. *See id.* The civil forfeiture judge then denied Unimex's motion

20   without explanation. *See id.*

21

22

23

24

ORDER GRANTING DEFENDANT'S MOTION
FOR CONSOLIDATION AND AN EVIDENTIARY
HEARING - 14

1    The Ninth Circuit explained that under Criminal Rule 41,[9] either judge in the district

2    could have properly considered whether Unimex was entitled to relief, and if the matter turned

3    on a disputed factual issue, permitted Unimex to present evidence at a hearing scheduled before

4    commencement of the criminal case. *See id*. at 551. The Circuit also announced the standard

5    district courts should use when making such a determination: "[T]he court must decide whether

6    the moving papers filed, including affidavits, are sufficiently definite, specific, detailed, and

7    nonconjectural, to enable the court to conclude that a substantial claim is presented." *Id*. (quoting

8    *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir. 1967), *cert. denied*, 389 U.S. 897, 88 S. Ct.

9    217 (1967) (internal quotations omitted). "If the allegations are sufficient, and factual issues are

10   raised, a hearing is required." *Id*. After concluding that Unimex had been denied due process of

11   law under the Fifth Amendment and the right to counsel under the Sixth Amendment, the Ninth

12   Circuit reversed Unimex's conviction. *Unimex*, 991 F.2d 546.

13       The Court agrees with the government that *Unimex* aligns with this case more closely

14   than *Crozier* and *Roth* do. Unimex involves the issuance of a civil seizure warrant under Title 18

15   of the United States Code, whereas *Crozier* and *Roth* involve criminal forfeiture proceedings

16   under Title 21 where the defendant's assets were temporarily restrained, not seized. Therefore, if

17   Kelley has satisfied the requirements of a Criminal Rule 41(g) motion for the return of his

18   property, the Court will grant him an evidentiary hearing. [10]

19

20       [9] Unimex made a Criminal Rule 41(e) motion. The Federal Rules Advisory Committee

21   restyled Rule 41(e) as 41(g) in 2002.

         [10] Criminal Rule 41(g) cannot govern a civil forfeiture proceeding. *See* Fed. R. Crim. Pro.

22   1(a)(5)(B); *see also United States v. Ibrahim*, 522 F.3d 1003 (9th Cir. 2008) (ratifying a district
     court's decision to treat a Criminal Rule 41(g) motion as a civil complaint when no criminal

23   proceedings were pending at the time of filing). It can, however, govern a pre-trial hearing of a
     civil seizure where the only action pending is a criminal forfeiture. *See United States v. Kramer*,

24   No. 1:06CR200-ENV-CLP, 2006 WL 3545026 (E.D.N.Y. Dec. 8, 2006); *United States v.*

1          **1.      Kelley has Made the Required Criminal Rule 41(g) Showing.**

2          Although not styled as a Criminal Rule 41(g) motion, Kelley presents detailed arguments

3   for why his assets are not contraband subject to forfeiture. He first argues that simple arithmetic

4   demonstrates the seized $908,397.51 cannot be traced to the $1,463,171 in stolen funds,

5   challenging the government's reading of what it may seize under 18 U.S.C. § 981. He similarly

6   argues that the government seized substitute, not traceable, property in contradiction of *United*

7   *States v. Ripinsky*, which prohibits the government from restraining substitute assets under 21

8   U.S.C. § 853(3) prior to a conviction decision and which he argues applies here. *See* 20 F.3d

9   359, 365 (9th Cir. 1994) (defining substitute assets as property that is subject to forfeiture if,

10  upon conviction, the defendant's assets connected to the underlying crime are unreachable).

11  Kelley also argues that the FBI's accounting analysis is highly suspect, because the accountant

12  responsible for tracing Kelley's money is involved in two outstanding tax investigations. For

13  these reasons, he claims the government cannot sustain a probable cause finding for its seizure.

14          Citing a case decided by a district court in Idaho, *United States v. Swenson*, 2013 WL

15  3322632 (D. Idaho July 1, 2013), the government responds that Kelley has not made the two-part

16  showing it alleges *Unimex* requires before a court may hold a Criminal Rule 41(g) hearing. The

17  government claims Kelley cannot show both financial need and that he has established a

18  substantial basis on which he can question Judge Tsuchida's finding of probable cause to issue a

19  warrant.

20

21

22  ─────────────────────────────────

    *Martin*, 460 F. Supp. 2d 669 (D. Md. 2006); *United States v. Schmitz*, 153 F.R.D. 136 (E.D. Wis.
23  1994). Because the government has commenced criminal forfeiture proceedings but not civil
    forfeiture proceedings, Kelley may challenge the validity of the civil seizure warrant under
24  Criminal Rule 41(g).

ORDER GRANTING DEFENDANT'S MOTION
FOR CONSOLIDATION AND AN EVIDENTIARY
HEARING - 16

1    In *Swenson*, the court considered whether *Crozier* and *Roth* required the government to

2    move for a prompt pre-trial hearing under Civil Rule 65 after it had seized Swenson's financial

3    assets under Section 982. *See* 2013 WL 3322632, at *6. The government charged Swenson with

4    securities, wire, mail, and bank fraud; interstate transportation of stolen property; and multiple

5    counts of conspiracy to commit fraud and money laundering. *See id.*, at *1. It obtained a criminal

6    seizure warrant from a magistrate judge based on an application and affidavit of an IRS criminal

7    investigation special agent. *See id.* The magistrate judge concluded that the government had met

8    its burden on establishing probable cause to believe that the assets being seized were subject to

9    forfeiture because each account held funds traceable in whole or in part to Swenson's real estate

10   investment company, an alleged money laundering front. *See id.*, at *2. She also concluded that

11   the funds may not be available for forfeiture unless seized preemptively. *See id.* Swenson moved

12   to dissolve the government's seizure warrants, arguing that the government had failed to hold a

13   probable cause hearing under Civil Rule 65. *See id.*, at *3.

14   The district court held in its July 1, 2013 order that under *Unimex*, Swenson needed to

15   make two showings to receive a pre-trial hearing. *See id.*, at *7-8. It explained he needed to show

16   that a substantial basis existed to question the magistrate judge's probable cause finding that his

17   assets may be subject to forfeiture and that he did not have sufficient unrestrained assets to fund

18   counsel of his choice. *See id.* at 7. The court explained that this "financial showing requirement

19   is grounded in the Sixth Amendment right to retain counsel of choice. *See id.*

20   The district court reconsidered its order and clarified it on July 16, 2013. The court

21   explained that a party moving for a Criminal Rule 41(g) hearing need not make any showing that

22   he needs the seized funds to pay for counsel. *See United States v. Swenson*, 2013 WL 4782134,

23   *3 (D. Idaho Sept. 5, 2013). Rather, the movant must allege facts that, if proved, would justify a

24

ORDER GRANTING DEFENDANT'S MOTION
FOR CONSOLIDATION AND AN EVIDENTIARY
HEARING - 17

1    grant of relief—the return of his property. *See id*. (citing *U.S. v. King,* 528 F.2d 68, 69 (9th Cir.

2    1975)). This Court agrees with the Idaho district court and disagrees with the government;

3    *Unimex* does not require a two-part showing under Criminal Rule 41(g) when a defendant only

4    asserts a violation of his Fifth Amendment rights.

5        Indeed, Criminal Rule 41(g) provides that a "person aggrieved by an unlawful search and

6    seizure of property or by the deprivation of property may move for the property's return." So

7    long as the movant raises factual issues and his allegations are nonconjectural, the court will

8    consider (1) whether the moving party is entitled to lawful possession of the seized property, (2)

9    whether the government needs the property as evidence, (3) whether the property is contraband,

10   and (4) whether the property is subject to forfeiture. *See Unimex,* 991 F.2d at 551; *see also*

11   *United States v. Fitzen*, 80 F.3d 387, 388 (9th Cir. 1996). And it must receive evidence on any

12   factual issue necessary to decide the motion. *See* Fed. R. Crim. Pro. 41(g). The movant bears the

13   burden of showing he is entitled to the property. *See United States v. Van Cauwenberghe*, 934

14   F.2d 1048, 1061 (9th Cir.). If the court grants his motion, it must return the property to him but

15   may impose reasonable conditions in order to protect access to the property or its use in later

16   proceedings. *See id*.

17       Kelley has alleged "sufficiently definite, specific, detailed, and nonconjectural" facts to

18   enable the Court to conclude that he has presented a substantial claim that he is entitled to the

19   prompt return of his property. *See Unimex,* 991 F.2d at 551 (9th Cir.1993). First, it is undisputed

20   that Davis Wright was holding the $908,397.51 in trust for Kelley. Second, the government does

21   not need to possess the electronic funds for evidence (nor does it have a justifiable concern that

22   Davis Wright will move the money, making it unavailable for forfeiture). Third and fourth,

23   Kelley has put forth detailed arguments for why his $908,397.51 is not contraband subject to

24

1  forfeiture: the government seized money it could not lawfully reach prior to conviction and it

2  lacked probable cause for the seizure.[11] Resultantly, this Court will evaluate the merits of his

3  arguments at a prompt adversarial hearing.

4  **II.     CONCLUSION**

5      Due process requires Kelley receive a meaningful opportunity to be heard at a

6  meaningful time. A significantly delayed civil forfeiture proceeding cannot satisfy this

7  constitutional threshold. Because Kelley has sufficiently presented a claim that the government

8  may have improperly seized his $908,397.51 *ex parte*, he must promptly receive an evidentiary

9  hearing.

10      Accordingly, Defendant's Motion to Consolidate is GRANTED.

11  Miscellaneous Case No.15-129 is REOPENED and TRANSFERRED to this Court, along with

12  the government's related forthcoming civil forfeiture action. [Dkt. #58]. Defendant's Motion for

13  an Evidentiary Hearing is also GRANTED. [Dkt. #58]. On Monday, December 1, 2015 and

14  December 2, the Court will hold a hearing to assess the validity of the government's September

15  8, 2015 seizure and any severance arguments. Criminal Rule 41(g) will govern the hearing's

16  evidentiary portion.

17      IT IS SO ORDERED.

18      Dated this 29th day of October, 2015

19

20      Ronald B. Leighton
        United States District Judge

21

22  _____

23  [11] Even though claimants are not entitled to challenge a grand jury's probable cause determination under *Kaley*, Kelley claims he is entitled to challenge Judge Tsuchida's *ex parte*

24  probable cause determination because the government did not present Judge Tsuchida with the same tracing theory as it presented to the grand jury. 134 S. Ct. at 1105.

ORDER GRANTING DEFENDANT'S MOTION
FOR CONSOLIDATION AND AN EVIDENTIARY
HEARING - 19