THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | Case No. 3:15-cr-05198-RBL |
|---|---|
| Plaintiff, | DEFENDANT TROY KELLEY'S BRIEF REGARDING BURDEN OF PROOF AT EVIDENTIARY HEARING |
| vs. | |
| TROY X. KELLEY, | |
| Defendant. | |

## I. INTRODUCTION

Defendant Troy Kelley submits this brief to respond to the government's assertion in its brief filed November 24, 2015 (Dkt. No. 91) (at pp. 8-9) as to the parties' respective burdens of proof at the evidentiary hearing scheduled for December 1, 2015. As demonstrated below, once the Court has found, as it did here, that the funds in the trust account were being held for Mr. Kelley's benefit, it is the government's burden to prove by a preponderance of the evidence that its retention of Mr. Kelley's property is reasonable under all of the circumstances. This burden is placed on the government where, as here, the request for return of property is made during criminal proceedings and this Court has found that the government has no need of the property for evidentiary purposes at trial.

## II. ARGUMENT

This Court has said that in ruling on Mr. Kelley's motion, it "will consider (1) whether the moving party is entitled to lawful possession of the seized property, (2) whether the

DEFENDANT TROY KELLEY'S BRIEF
REGARDING BURDEN OF PROOF AT
EVIDENTIARY HEARING - 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

government needs the property as evidence, (3) whether the property is contraband, and (4) whether the property is subject to forfeiture." Order Granting Evidentiary Hearing (Dkt. No. 67), p. 18 (citing *United States v. Unimex*, *Inc*., 991 F.2d 546, 551 (9th Cir. 1993)). As the government notes, this Court has concluded that Mr. Kelley "has the burden of showing that he is entitled to the property." Government Brief re Evidentiary Hearing ("Gov't Br."), p. 8 (citing Dkt. No. 67, p. 18). As this Court has held, Mr. Kelley has met this burden. Dkt. No. 67, p. 18 ("[I]t is undisputed that Davis Wright was holding the $908,397.51 in trust for Kelley."). The burden now shifts to the government to prove that it has a supervening interest in maintaining possession of the seized funds. *United States v. Guba*, No. 1:09-CR-17, 2009 WL 2606454, at *1 (N.D. Fla. Aug. 18, 2009) ("Once Defendant meets his burden, the Government must then establish a legitimate reason to retain the property, which may be satisfied by showing a cognizable claim of ownership or right to possession adverse to the movant's.").

But the government instead asserts that Mr. Kelley also has the burden of proving "that the United States lacked, and continues to lack, probable cause that the money is subject to forfeiture." Gov't Br., p. 9. The government is incorrect. The heightened burden the government seeks to place on Mr. Kelley does not apply here because the government does not have any evidentiary need to keep the money out of Mr. Kelley's former lawyer's trust account. Consequently, the government is only entitled to retain Mr. Kelley's funds if it can show that they are contraband or that they are subject to forfeiture.

"When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the [property's] seizure was illegal and that he or she is entitled to lawful possession of the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987) (citations omitted). But that burden of proof changes when "the property in question is no longer needed

DEFENDANT TROY KELLEY'S BRIEF
REGARDING BURDEN OF PROOF AT
EVIDENTIARY HEARING - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

1    for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or .
2    . . the government has abandoned its investigation." *Id.*  Then, the burden of proof shifts and
3    the defendant "is presumed to have a right to [the property's] return, and the government has
4    the burden of demonstrating that it has a legitimate reason to retain the property." *Id.*  "[E]ven
5    if the seizure was lawful the government must justify its continued possession of the property
6    by demonstrating that it is contraband or subject to forfeiture." *Id.*

7    Where, as here, the defendant moves *during* the criminal proceedings, the government
8    is entitled to a presumption in favor of seizure only "if the government asserts . . . that the
9    disputed property is needed for evidentiary purposes in an ongoing prosecution." *United States*
10   *v. Tabatabai*, No. CR 05-00744 MMM, 2013 WL 2040428, at *2 (C.D. Cal. May 14, 2013);
11   *see also United States v. Mills,* 991 F.2d 609, 612 (9th Cir.1993) ("'A criminal defendant is
12   presumed to have the right to the return of his property once it is no longer needed as evidence'
13   and the government has no other 'legitimate reason to retain [it].'" (quoting *United States v.*
14   *Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir.1991)).  The government makes no such
15   assertion here.  Indeed, as this Court noted, "the government does not need to possess the
16   electronic funds for evidence." Dkt. No. 67, p. 18.  Thus, the government is not entitled to any
17   presumptions in favor of seizure and instead bears the burden of showing that the property is
18   contraband or subject to forfeiture.  *See Guba*, 2009 WL 2606454, at *1 ("If the motion for
19   return of property is made during the pendency of the criminal prosecution, the movant bears
20   the burden of showing that he is entitled to the property. . . . Once Defendant meets his burden,
21   the Government must then establish a legitimate reason to retain the property." (citation and
22   internal quotation marks omitted); *Martinson*, 809 F.2d at 1369 ("[W]hen the property in
23   question is no longer needed for evidentiary purposes . . . the burden of proof changes.").

DEFENDANT TROY KELLEY'S BRIEF
REGARDING BURDEN OF PROOF AT
EVIDENTIARY HEARING - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

The government cites *United States v. Gladding,* 775 F.3d 1149 (9th Cir. 2014), for the proposition that "defendant has burden of proof on a Rule 41(g) motion until trial is complete or defendant pleads guilty." Gov't Br., p. 9. In fact, *Gladding* merely quotes the *Martinson* rule noted above, that the "burden of proof changes when 'the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or ... the government has abandoned its investigation.' Then, the burden of proof shifts and the defendant 'is presumed to have a right to [the property's] return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property.'" *Gladding*, 775 F.3d at 1152 (quoting *Martinson,* 809 F.2d at 1369). Here, this Court has concluded that the government does not need Mr. Kelley's money for evidentiary purposes, and so the burden of proof with respect to the second prong of *Martinson* properly shifts to the government.

### III. CONCLUSION

As this Court's order setting an evidentiary hearing makes clear, the government can meet its burden two ways: by proving that the money is contraband or by proving that the money is subject to forfeiture. Dkt. No. 67, p. 18. But under either prong, the government must prove by a preponderance of the evidence that its retention of Mr. Kelley's property is "reasonable under all of the circumstances." *United States v. Gladding*, 775 F.3d 1149, 1154 (9th Cir. 2014) (quoting *United States v. Kriesel*, 720 F.3d 1137, 1145 (9th Cir.2013).

DATED this 30th day of November, 2015.

CALFO HARRIGAN LEYH & EAKES LLP

By  *s/Angelo J. Calfo*
    Angelo J. Calfo, WSBA #27079
    999 Third Avenue, Suite 4400
    Seattle, WA  98104
    Telephone:  (206) 623-1700
    Email:  angeloc@calfoharrigan.com

DEFENDANT TROY KELLEY'S BRIEF REGARDING BURDEN OF PROOF AT EVIDENTIARY HEARING - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Andrew C. Friedman | andrew.friedman@usdoj.gov |
| Arlen R. Storm | arlen.storm@usdoj.gov |
| Katheryn Kim Frierson | katheryn.k.frierson@usdoj.gov |
| Richard E. Cohen | richard.e.cohen@usdoj.gov |

*s/Susie Clifford*

DEFENDANT TROY KELLEY'S BRIEF
REGARDING BURDEN OF PROOF AT
EVIDENTIARY HEARING - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717