THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>TROY X. KELLEY,<br><br>　　　　　　　　　　Defendant. | Case No. 3:15-cr-05198-RBL<br><br>DEFENDANT'S RESPONSE TO NON-PARTIES OLD REPUBLIC TITLE HOLDING COMPANY'S AND OLD REPUBLIC TITLE LTD.'S MOTION TO QUASH TRIAL SUBPOENA TO RICK DOSA<br><br>**NOTED FOR:**<br>**FRIDAY, MARCH 11, 2016**<br><br>**(ORAL ARGUMENT REQUESTED)** |

## I.　　INTRODUCTION

Old Republic Title, Ltd. ("Old Republic") and Old Republic Title Holding Company ("ORTHC") have filed a motion to quash Mr. Kelley's subpoena to Mr. Dosa, who is Corporate Counsel of ORTCH and an officer of Old Republic. This motion should be denied because Mr. Dosa is a fact witness in this case. Mr. Dosa personally participated in the preparation of the contract between Mr. Kelley's company and Old Republic that is referenced in the Superseding Indictment and which is central to the issues in this prosecution. Mr. Dosa provided handwritten comments to a draft of the contract, and responded to questions from

DEFENDANT'S RESPONSE TO NON-PARTIES
OLD REPUBLIC'S MOTION TO QUASH TRIAL
SUBPOENA TO RICK DOSA - 1

Case No.: 3:15-cr-05198 RBL

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700　FAX, (206) 623-8717

management about the contract. His interactions with management on the contract have not been withheld on the basis of privilege; rather, they have been disclosed and are part of the government's proof at trial. There is no theory upon which Old Republic can claim privilege on disclosures it made regarding Mr. Dosa's advice relating to the contract with Mr. Kelley's company.

In addition, in connection with Old Republic's civil lawsuit against Mr. Kelley, purportedly to recover customer funds, Mr. Dosa participated in the negotiations that resulted in the written settlement agreement under which Mr. Kelley paid Old Republic approximately $1 million. Mr. Dosa signed the agreement on behalf of Old Republic. This settlement agreement is also discussed in the Superseding Indictment and is a part of the government's proof. Mr. Dosa was also involved in the communications relating to how Old Republic would distribute the settlement, and whether some or all of the funds would be returned to the company's escrow customers.

Because he is a fact witness as to each of these important issues, and others, Mr. Kelley has a right to compel his attendance at trial for testimony.

## II. BACKGROUND

In 2008–2009, Old Republic was a defendant in a class action lawsuit in Washington State related to reconveyance fees. *McFerrin v. Old Republic Title Ltd.*, No C08-5309BHS (W.D. Wash.). During that case, Old Republic produced a copy of The Post Closing Department's ("PCD") proposed contract with Old Republic, which contained handwritten notes by both Mr. Lago and Mr. Dosa. Old Republic Motion at 7, n.2; Skok Decl. (Dkt. No. 194), at 8–15. This document surfaced again during the 2010–2011 civil lawsuit that Old Republic brought against Mr. Kelley. Specifically, Mr. Kelley received the document during discovery, and his counsel questioned Mr. Lago about it at length during a deposition. Calfo Decl., Exh. A at 185–92. Mr. Lago testified that Mr. Dosa provided comments on the draft

DEFENDANT'S RESPONSE TO NON-PARTIES
OLD REPUBLIC'S MOTION TO QUASH TRIAL
SUBPOENA TO RICK DOSA - 2

Case No.: 3:15-cr-05198 RBL

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

contract and that he and Mr. Dosa "discussed the contract and the suggested changes." *Id.* at 189. *Contra* Dosa Decl., ¶ 5 ("The only actions I have taken related to Defendant were taken in my capacity as in-house counsel for ORTL and ORTHC, including: (a) providing short, hand-printed comments on PCD's proposed form contract in 2006."). During Mr. Lago's deposition, Old Republic made no privilege objection either to the use of document as an exhibit or to Mr. Lago's testimony about Mr. Dosa's involvement in the contract drafting and negotiations. *See* Calfo Decl., Exh. A at 185–192.

Most recently, Old Republic shared the hand-marked contract with the government, and the government in turn asked Mr. Lago about it during a February 10, 2016 interview. Calfo Decl., Exh. B at FBI302_002584. According to the interview notes, Mr. Lago again provided information about Mr. Dosa's involvement in negotiating the contract. *Id.* Mr. Skok attended the interview with Mr. Lago as his counsel; however, the notes do not reflect any privilege objections to the use of the hand-marked contract or to Mr. Lago's description of Mr. Dosa's involvement in the contract negotiations. *See id.* at FBI302_002578, 84. The hand-marked contract now appears on the government's exhibit list. Dkt. No. 209 at 9 (document 425).

The genesis of the second document at issue — the April 21, 2006 message from Mr. Lago to Mr. Dosa — is less clear. The Bates numbers in the lower left hand corner suggest that it was produced on two occasions by Old Republic. *See* Skok Decl. (Dkt. No. 194), at 16 (Bates-numbered ORTK008101 and ORT_0004925). Most recently, Old Republic shared this document with the government, and on February 10, 2016, the government asked Mr. Lago about it during an interview. The interview notes do not reflect any privilege objections by Old Republic to the use of the April 21, 2006 message or to Mr. Lago's testimony about it. *See* Calfo Decl., Exh. B at FBI302_002578, 83. The April 21, 2006 message now appears on the government's exhibit list. Dkt. No. 209 at 9 (document 424).

DEFENDANT'S RESPONSE TO NON-PARTIES
OLD REPUBLIC'S MOTION TO QUASH TRIAL
SUBPOENA TO RICK DOSA - 3

Case No.: 3:15-cr-05198 RBL

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

### III. ARGUMENT

**A. The Subpoena Should Not Be Quashed Because the Responsive Documents and Testimony Are Not Privileged or Privilege Has Been Waived.**

A party asserting the attorney-client privilege has the burden of proving that the privilege applies. *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992). Courts strictly construe the attorney-client privilege "[b]ecause it impedes full and free discovery of the truth." *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 24 (9th Cir. 1981). And, courts apply an even higher standard to a party's claim of privilege where the lawyer is in-house counsel, as non-legal business or administrative communications are not privileged. *Chandola v. Seattle Housing Auth.*, No. C13-557 RSM, 2014 WL 4685351, at *3 (W.D. Wash. Sept. 19, 2014). To demonstrate that an internal communication involving in-house counsel is privileged, the party asserting the privilege must "make a clear showing" that the communication was made for the purpose of obtaining or providing legal advice as opposed to business or administrative purposes. *Id.* (internal quotation marks omitted)

Here, Old Republic argues that the attorney-client privilege applies simply because Mr. Dosa was acting as in-house counsel. Old Republic Motion at 6. However, just because Mr. Dosa served as in-house counsel, it does not follow that all of his communications on the relevant topics are privileged. The issues about which Mr. Kelley will question Mr. Dosa involve both business and administrative issues as well as the provision of legal advice, and Old Republic's showing is insufficient to show that Mr. Dosa's involvement in matters relating to this prosecution only involved legal advice. The contrary appears to be true.

Even if Old Republic could meet its burden (which it cannot), it waived the attorney-client privilege as to communications regarding the Old Republic/PCD contract negotiations by (i) voluntarily disclosing the two above-discussed privileged documents during prior

DEFENDANT'S RESPONSE TO NON-PARTIES
OLD REPUBLIC'S MOTION TO QUASH TRIAL
SUBPOENA TO RICK DOSA - 4

Case No.: 3:15-cr-05198 RBL

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

proceedings and (ii) permitting Mr. Lago to testify without objection about his and Mr. Dosa's efforts to negotiate the PCD contract.

"[V]oluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject." *Weil*, 647 F.2d at 24.[1] To the extent that a party waives its privilege in one proceeding, the privilege is deemed waived in all subsequent proceedings. *See United States v. Krasnov*, 143 F. Supp. 184, 190–91 (E.D. Pa. 1956); *see also United States v. Reyes*, 239 F.R.D. 591, 602 (N.D. Cal. 2006) (holding that non-party recipients of a Rule 17(c) subpoena waived privileged over internal investigation materials "when they shared their contents with the government"). The touchstone of subject matter waiver is whether "fairness requires disclosure" of other communications on the same subject. *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *see also Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996) ("The doctrine of waiver of the attorney-client privilege is rooted in notions of fundamental fairness."). Such a determination is case-specific and depends "heavily on the factual context in which the privilege is asserted." *First Heights Bank, FSB v. United States*, 46 Fed. Cl. 312, 317 (Ct. Cl. 2000). The key factor that bears on the fairness determination is whether the party against whom the privileged material is being used would be prejudiced. *See Weil*, 647 F.2d at 25; *U.S. ex. Rel. Parikh v. Premera Blue Cross*, No. C01-0476MJP, 2006 WL 6654604, at *1 (W.D. Wash. Oct. 31, 2006) ("A party may not selectively disclose privileged communications that it considers helpful while claiming privilege on damaging communications relating to the same subject.").

---

[1] ORT has not suggested that its production of the at-issue documents or allowance of Mr. Lago's deposition testimony was inadvertent, so any such argument is deemed waived. In any case, the Ninth Circuit has held that inadvertent disclosures still can result in waiver. *Weil*, 647 F.2d at 24–25. Moreover, even if it were the case that Old Republic's original disclosure in the *McFerrin* lawsuit was inadvertent, it failed to take any steps to protect its privilege when the document resurfaced on at least two additional occasions (i.e., *Old Republic v. Kelley* and production to the government in the criminal case). *See United States v. de la Jara*, 973 F.2d 746, 750 (9th Cir. 1992) (stating that the privilege is waived if the holder fails to pursue all reasonable means of preserving the confidentiality of the privileged matter).

DEFENDANT'S RESPONSE TO NON-PARTIES
OLD REPUBLIC'S MOTION TO QUASH TRIAL
SUBPOENA TO RICK DOSA - 5

Case No.: 3:15-cr-05198 RBL

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Importantly, Mr. Kelley's subpoena to Mr. Dosa does not seek a blanket disclosure of Mr. Dosa's legal work with PCD, but only those matters for which Old Republic has waived its privilege (or which are not privileged in the first place). Rather it is narrowly tailored to the matters actually disclosed by Old Republic. In similar factual scenarios, courts have required disclosure of communications on the same subject matter as the matters for which privilege had been waived.

In the seminal Ninth Circuit case on subject matter waiver, a fund investor challenged the fund's claim of privilege relating to advice given by outside counsel on registration of shares pursuant to state Blue Sky laws. The Ninth Circuit found that disclosures had occurred via: (i) deposition testimony about Blue Sky counsel's advice and (ii) release of a letter to the SEC written by the fund's in-house counsel, which detailed Blue Sky advice. *Weil*, 647 F.2d at 23. Upon these facts, the court held that the fund waived its privilege "as to the communications about the matter actually disclosed namely, the substance of Blue Sky counsel's advice regarding registration of Fund shares pursuant to the Blue Sky laws of the various states." *Id.* at 25.

In *First Heights Bank, FSB v. United States*, the government deposed its outside counsel regarding his subjective belief about disputed provisions in a contract that he had drafted. 46 Fed. Cl. 312, 316 (Ct. Cl. 2000). In subsequent litigation over the same contract, the government sought to withhold documents dealing with the same subject matter from discovery on the basis of privilege. *Id.* at 317 The court held that the requested documents were "plainly" communications that dealt with the same subject matter and, as such, could not be withheld. *Id.* Under a similar rationale, in *U.S. ex. Rel. Parikh v. Premera Blue Cross*, Judge Pechman of this Court found that where a company disclosed reports prepared by PricewaterhouseCoopers about Medicare Secondary Payer operations, the company would be required to disclose additional documents "about the matter actually disclosed" — i.e., PwC's

DEFENDANT'S RESPONSE TO NON-PARTIES
OLD REPUBLIC'S MOTION TO QUASH TRIAL
SUBPOENA TO RICK DOSA - 6

Case No.: 3:15-cr-05198 RBL

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

external audits of the operations. No. C01-0476MJP, 2006 WL 6654604, at *1 (W.D. Wash. Oct. 31, 2006).

Here, Old Republic plainly waived its privilege regarding the 2006 PCD/Old Republic contract negotiations by disclosing the at-issue documents and by permitting Mr. Lago to testify about his and Mr. Dosa's negotiation efforts without objection. As a result, just as in *Weil*, *First Heights Bank*, and *Parikh*, Old Republic must be required to disclose additional information about the matter actually disclosed. In practical terms, this means that Old Republic cannot hide behind a previously-waived claim of privilege in seeking to block Mr. Dosa's testimony or the production of documents relating to that subject matter. In sum, the Court should not grant Old Republic's motion to quash the subpoena.

**B.    Mr. Dosa Is a Fact Witness Relating to the Old Republic-Kelley Settlement Agreement.**

Mr. Dosa participated in the settlement discussions with Mr. Kelley that resulted in the settlement of the lawsuit with Mr. Kelley. The facts of the settlement and its terms are at issue in this prosecution. Mr. Dosa not only signed the settlement agreement, but made decisions about how much of the settlement should be paid to escrow customers as opposed to general company expenses. His testimony is relevant.

Old Republic also argues that testimony regarding the 2011 settlement is inadmissible under Federal Rule of Evidence 408. Old Republic Motion at 9. However, this Court already denied a motion *in limine* (Dkt. No. 129) that the government described as seeking to exclude "all evidence of the terms of the settlement of the prior litigation under Federal Rule of Evidence 408(a)." Dkt. No. 161, p. 5; Order on Motions *in Limine*, Dkt. No. 218, at 1. Thus Old Republic's argument has already been rejected by the Court.

DEFENDANT'S RESPONSE TO NON-PARTIES
OLD REPUBLIC'S MOTION TO QUASH TRIAL
SUBPOENA TO RICK DOSA - 7

Case No.: 3:15-cr-05198 RBL

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# IV. CONCLUSION

For the foregoing reasons, Mr. Kelley respectfully requests that this Court deny Old Republic's motion to quash the subpoena issued to Mr. Dosa.

DATED this 9th day of March, 2016.

CALFO HARRIGAN LEYH & EAKES LLP


By   *s/Angelo J. Calfo*
     Angelo J. Calfo, WSBA #27079
     Patricia A. Eakes, WSBA No. 18888
     Emily Dodds Powell, WSBA #49351
     Andrew R.W. Hughes, WSBA #49515

     999 Third Avenue, Suite 4400
     Seattle, WA 98104
     Telephone: (206) 623-1700
     Email: angeloc@calfoharrigan.com
           peakes@calfoharrigan.com
           emilyp@calfoharrigan.com
           andrewh@calfoharrigan.com

*Attorneys for Defendant Troy X. Kelley*

DEFENDANT'S RESPONSE TO NON-PARTIES
OLD REPUBLIC'S MOTION TO QUASH TRIAL
SUBPOENA TO RICK DOSA - 8

Case No.: 3:15-cr-05198 RBL

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Andrew C. Friedman | andrew.friedman@usdoj.gov |
| Arlen R. Storm | arlen.storm@usdoj.gov |
| Katheryn Kim Frierson | katheryn.k.frierson@usdoj.gov |
| Richard E. Cohen | richard.e.cohen@usdoj.gov |

I also hereby certify that on March 9, 2016, I e-mailed the foregoing via E-Mail to the following:

**Attorneys for Non-Party Old Republic Title, Ltd.**

Gavin W. Skok
Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154-1192
Telephone: (206) 624-3600
Email: gskok@Riddellwilliams.com

*s/Susie Clifford*

DEFENDANT'S RESPONSE TO NON-PARTIES
OLD REPUBLIC'S MOTION TO QUASH TRIAL
SUBPOENA TO RICK DOSA - 9

Case No.: 3:15-cr-05198 RBL

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717