1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10  UNITED STATES OF AMERICA,          Case No. 3:15-cr-05198-RBL

11                        Plaintiff,    DECLARATION OF ANGELO J.
                                        CALFO IN SUPPORT OF
12       vs.                            DEFENDANT'S UNOPPOSED
                                        MOTION FOR *IN CAMERA* REVIEW
13  TROY X. KELLEY,                     OF CLAIMED PRIVILEGED
                                        MATERIAL
14                        Defendant.
                                        **NOTED FOR:**
15                                      **THURSDAY, MARCH 10, 2016**

16

17       I, Angelo J. Calfo, declare as follows:

18       1.      I am a partner with Calfo Harrigan Leyh & Eakes LLP ("CHLE"), the law firm

19  representing Mr. Kelley in this prosecution.

20       2.      On May 3, 2011, Old Republic and Mr. Kelley settled a civil action Old

21  Republic had commenced against Mr. Kelley and other related parties.

22       3.      Attached as Exhibit 1 is a true and correct copy of the settlement agreement.

23       4.      Out of the $1.15 million settlement that Mr. Kelly paid to Old Republic,

24  borrowers received only approximately $171,110.36 in reimbursement of reconveyance fees.

25

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

5.      According to accounting ledger entries provided by Old Republic, Riddell Williams (which represented Old Republic in the civil case against Mr. Kelley) received nearly $800,000 for that representation, at least some of which was credited directly from the settlement funds.  It is my understanding that the rest of the settlement funds was credited internally to Old Republic's operating account.

6.      On January 12, 2016, the Custodian of Records of Old Republic was served with a Rule 17(c) subpoena for the production of documents.

7.      Attached as Exhibit 2 is a true and correct copy of the subpoena.

8.      Mr. Gavin Skok, Esq. of Riddell Williams represents Old Republic in connection with this litigation.

9.      Between January 25, 2016, and the present, Mr. Skok and attorneys from my office engaged in discussions about the scope of the subpoena and privilege objections that Old Republic intended to raise.

10.     On February 22, 2016, Old Republic produced a CD containing documents responsive to Request One of the subpoena along with a cover letter and privilege log.

11.     Attached as Exhibit 3 is a true and correct copy of Old Republic's cover letter and accompanying privilege log.

12.     On March 7, 2016, Mr. Skok stated during a telephone call that Mr. Kelley could file the instant motion unopposed.

13.     On March 8, 2016, Mr. Skok sent a letter in which Old Republic provided additional detail about its claimed rationale for withholding certain documents on the basis of privilege.

14.     Attached as Exhibit 4 is a true and correct copy of Mr. Skok's letter.

15.     On March 10, 2016, Mr. Skok indicated that he would provide the Court with an updated version of Old Republic's privilege log.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1         I declare under penalty of perjury that the foregoing is true and correct to the best of my

2    knowledge and belief.

3         DATED this 10th day of March, 2016 at Seattle, Washington.

4

5              *s/Angelo J. Calfo*
           ANGELO J. CALFO

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF ANGELO J. CALFO IN
SUPPORT OF DEFENDANT'S MOTION FOR *IN
CAMERA* REVIEW OF CLAIMED PRIVILEGED
MATERIAL - 3

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andrew C. Friedman          andrew.friedman@usdoj.gov

Arlen R. Storm              arlen.storm@usdoj.gov

Katheryn Kim Frierson       katheryn.k.frierson@usdoj.gov

Richard E. Cohen            richard.e.cohen@usdoj.gov

I also hereby certify that on March 10, 2016, I e-mailed the foregoing via E-Mail to the following:

**Attorneys for Non-Party Old Republic Title, Ltd.**

Gavin W. Skok
Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154-1192
Telephone: (206) 624-3600
Email: gskok@Riddellwilliams.com

*s/Susie Clifford*

DECLARATION OF ANGELO J. CALFO IN SUPPORT OF DEFENDANT'S MOTION FOR *IN CAMERA* REVIEW OF CLAIMED PRIVILEGED MATERIAL - 4

# EXHIBIT 1

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT is effective as of this 3rd day of May, 2011, and is made by and between Old Republic Title Ltd. (hereinafter referred to as "Plaintiff" or "Old Republic"), and the following parties who shall collectively be referred to as Defendants: Troy X. Kelley and Diane D. Kelley, Blackstone International, Inc., and Berkeley United LLC. The parties to this agreement shall be referred to as the "Parties."

## RECITALS

1.  Plaintiff is a corporation duly organized and existing under and by the laws of the State of Washington.

2.  Troy X. Kelley and Diane D. Kelley are a marital community.

3.  Berkeley United LLC and Blackstone International Inc. are corporations duly organized and existing under and by the laws of the State of Nevada.

4.  Old Republic and the Post Closing Department entered into a written agreement entitled "Agreement for Post Closing Services" effective June 1, 2006 ("Agreement").

5.  Old Republic is the plaintiff and the Kelleys and their companies listed above are the defendants in an action pending in the U.S District Court, Cause No. 10-cv-00038-JRL (the "Lawsuit") arising out of the Agreement. Defendants denied all allegations against them.

6.  By this Settlement Agreement, the Parties desire to fully and completely settle and resolve all differences and disputes between them arising from or in connection with the allegations stated in the Lawsuit, without the uncertainty, burden, inconvenience, and expense of further proceedings or litigation.

## AGREEMENTS

1.  In consideration of the mutual promises and covenants set forth below, and for other good and valuable consideration, the Parties acknowledge and agree to the following:

2.  **Recitals.** The recitals set forth above are incorporated herein by reference.

SETTLEMENT AGREEMENT - 1

3.    **Payment of Claim.**  In full satisfaction and accord and settlement of the allegations stated in the Lawsuit, Defendants agree to pay Plaintiff the sum of One Million One Hundred and Fifty Thousand and no/100 Dollars ($1,150,000.00).  Payment shall be made within ten business days of execution of his Agreement.

4.    **Release of Claims**.  Upon receipt by Plaintiff of payment in full as set forth herein, the Parties do each, for themselves, individually and/or in their representative capacities, completely release and forever discharge each other and their past, present and future directors, officers, agents, representatives, employees, successors, assigns, attorneys, and insurers, and any other persons, firms, trusts or corporations, both individually and collectively, from and against any and all past, present, and future causes of action, claims, damages, liabilities, and demands of any nature whatsoever, whether known or unknown, arising out of any and all prior dealings between the Parties relating to the causes of action stated in the Lawsuit, which Plaintiff on the one hand and Defendants on the other have had, now have, or may have against each other arising out of or in any related to the claims set forth in the Lawsuit.

5.    **Stipulation and Order of Dismissal**.  Upon receipt by Plaintiff of payment in full as set forth herein, the Parties will execute and file with the court a stipulation for an order that includes three requests.  First, an order dismissing the Lawsuit with prejudice and without costs or attorney's fees to any of the Parties.  Second, the stipulation will ask the court to remove and/or seal pleadings, documents and exhibits on file with the court.  Defendants will decide which items to include in said request.  Third, the stipulated motion will also include a request that the court terminate the stipulated order for maintaining funds, Dkt. 128.  This stipulation shall be filed no later than five court days after receipt of the settlement payment.

6.    **No Admission of Liability.**  The Parties understand and agree that this Settlement Agreement is the compromise of a disputed claim and that the entering into and performance of this Settlement Agreement does not constitute and shall not be construed as any admission of liability, fault, or responsibility by any Party or any other person or entity released hereby, but that the Defendants expressly deny liability.

7.    **Collection Costs and Attorney's Fees.**  All amounts are payable in lawful money of the United States.  In the event either party defaults under the terms of

SETTLEMENT AGREEMENT - 2

this Settlement Agreement, the defaulting party agrees to pay the non-defaulting party all its costs of collection, including reasonable attorney's fees, whether or not an action is instituted to enforce the terms of this Settlement Agreement. In the event payment is not made by the deadline above, then interest shall start to accrue at the rate of 12% per annum until paid.

8. **Distribution of Settlement Proceeds.** The Parties agree and acknowledge that the settlement proceeds are for the payment of legal fees, costs, and the reimbursement of reconveyance fees in Plaintiff's sole discretion. The Parties agree and acknowledge that all reconveyance service fees paid to the Post Closing Department were earned as that term is understood under RESPA.

9. **Responsibility to Complete Reconveyances.** Plaintiff assumes responsibility, at its expense, to complete any reconveyances that the Post Closing Department may have at any time been asked to perform by Plaintiff for its customers. Defendants shall have no responsibility to complete any such reconveyances. In addition, Plaintiff will indemnify Defendants for any obligations or damages that any Old Republic customers for the refund of reconveyance fees or the failure to complete a reconveyance.

10. **Confidentiality.** The Parties agree that neither they nor their representatives shall reveal to anyone or any entity, other than as may be mutually agreed to in writing and on a need-to-know basis, any of the terms of this Settlement Agreement, including the amounts, numbers, sums, or other terms or conditions hereto or any confidential information obtained in the course of this Lawsuit such as financial information of a party.. Notwithstanding this confidentiality agreement, the terms and conditions of this Settlement Agreement may be disclosed to the extent disclosure of such information is compelled by subpoena or court order, and then only after the other parties have received at least ten days' prior written notice of the intended or requested disclosure. Notwithstanding this confidentiality agreement, the amount of the settlement may be disclosed as required by the Parties' auditors or for tax purposes. In the event of any breach of this provision, the non-breaching party may seek immediate injunctive relief and damages.

11.    **Return of Documents.**  Plaintiff and its attorneys shall deliver to Defendant's counsel or destroy all copies, whether paper or electronic, of the Defendant's financial records, including, but not limited to bank records (including records of United National), tax records, credit card records and phone records regardless of the source of the records.

12.    **Representations and Warranties of Signatories**.  Each signatory to this Settlement Agreement represents and warrants that he has full power and authority to bind the entities or persons for whom he is signing, and that he has full power and authority to execute and deliver this Settlement Agreement on behalf of those entities or persons and that he or she will defend and hold harmless the other Parties' signatories and the other Parties hereto from any claim he or she was not fully authorized to execute this Settlement Agreement on behalf of the entity or persons for whom he or she signed this Settlement Agreement.  Upon execution and delivery, this Settlement Agreement will have been duly entered into by the Parties, will constitute as against each Party a valid, legal, and binding obligation and will be enforceable against each Party in accordance with the terms herein.

13.    **Advice and Consultation with Attorneys.**  The Parties have carefully read this Settlement Agreement and have fully inquired about its nature and any right or claims each may have against the other, have had these rights explained to them by an attorney, and make this Settlement Agreement, the complete terms of which are contained herein, freely, voluntarily, and without any reservation.  The Parties further declare and represent that in making this Settlement Agreement, each relied wholly upon their own judgment, belief and knowledge of the nature, extent and duration of Old Republic's losses and damage and that each has not been influenced to any extent whatsoever making this release by any representations or statements regarding the losses or damage or regarding any other matters made by persons, firms, or corporations who are hereby released.

14.    **Binding Effect.**  This Settlement Agreement shall inure to the benefit of and be binding upon the Parties hereto, their respective successors in interest, assigns, heirs, personal representatives, guardians, administrators, successors, executors, directors, officers, agents, representatives, employees, and insurers.

SETTLEMENT AGREEMENT - 4

15. **Further Acts.** The Parties hereby agree to perform all further acts and to execute all documents necessary or desirable to effect the terms of this Settlement Agreement.

16. **Governing Law, Venue, and Dispute Resolution.** This Settlement Agreement shall be interpreted under the laws of the State of Washington, except to the extent preempted by United States federal law. Any disputes about the meaning and enforceability of this Settlement Agreement shall be resolved in arbitration before Hon. Robert Alsdorf (ret.).

17. **Entire Agreement.** This Settlement Agreement contains the entire agreement between the Parties with respect to the subject matter hereof, and shall not be modified or amended in any way except in writing signed by the Parties hereto.

18. **Original Counterparts.** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original.

IN WITNESS WHEREOF, this Settlement Agreement has been executed by and on behalf of the Parties hereto as of the day and year first written above.

Approved By Plaintiff Old Republic Title Ltd.:

Dated: _____     By_____
                      Rick Dosa, its Executive V.P and Corp. Counsel

Approved By Defendants:

Dated: ___5-3-11___     _____*Troy X. Kelley*_____
                        By Troy Kelley, individually, on behalf of his marital community, Blackstone International Inc., Berkeley United LLC, and United National LLC

15.     **Further Acts**.  The Parties hereby agree to perform all further acts and to execute all documents necessary or desirable to effect the terms of this Settlement Agreement.

16.     **Governing Law, Venue, and Dispute Resolution**.  This Settlement Agreement shall be interpreted under the laws of the State of Washington, except to the extent preempted by United States federal law.  Any disputes about the meaning and enforceability of this Settlement Agreement shall be resolved in arbitration before Hon. Robert Alsdorf (ret.).

17.     **Entire Agreement**.  This Settlement Agreement contains the entire agreement between the Parties with respect to the subject matter hereof, and shall not be modified or amended in any way except in writing signed by the Parties hereto.

18.     **Original Counterparts.**  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original.

IN WITNESS WHEREOF, this Settlement Agreement has been executed by and on behalf of the Parties hereto as of the day and year first written above.

Approved By Plaintiff Old Republic Title Ltd.:

Dated: 5/4/2011

By _____

Rick Dosa, its Executive V.P and Corp. Counsel

Approved By Defendants:

Dated: _____

_____

By Troy Kelley, individually, on behalf of his marital community, Blackstone International Inc., Berkeley United LLC, and United National LLC

# EXHIBIT 2

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Troy X. Kelley | ) | Case No.   3:15-cr-05198-RBL-1 |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   **Custodian of Records**
**Old Republic Title, Ltd.**
**c/o Corpserve Inc. - Registered Agent**
**1001 Fourth Avenue Plaza, Suite 4500**
**Seattle, WA  98154-1192**

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom No.: | **The Honorable Ronald B. Leighton, Room 3100** |
|---|---|---|
| **United States Courthouse, 1717 Pacific Avenue, Tacoma, WA  98402-3200** | Date and Time: | **March 14, 2016 at 9:30 a.m.** |

   You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

   **See attached Exhibit A**

   *(SEAL)*

Date:  **January 12, 2016**

CLERK OF COURT

*Mary Ken*

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      **Troy X. Kelley**
, who requests this subpoena, are:

**Angelo J. Calfo, WSBA #27079 Calfo**
**Harrigan Leyh & Eakes LLP 999**
**Third Avenue, Suite 4400 Seattle,**
**WA  98104**
**Telephone: (206) 623-1700 Email:**
**angeloc@calfoharrigan.com**

# EXHIBIT A

1.     All documents mentioning, referring or relating to the distribution of proceeds from the settlement entered into between Old Republic Title, Ltd. ("Old Republic") and Troy X. Kelley and Diane D. Kelley on May 3, 2011 ("ORT/Kelley Settlement"). For purposes of this subpoena, "Old Republic" shall mean such company and any of its affiliated or related companies. "Documents" shall mean any writing of any kind, including in electronic format, and shall include hard copy and tangible documents and files as well as email. "Communications" mean any correspondence or other method of providing information to another party or person, including, but not limited to, in electronic format through email.

2.     All cancelled checks reflecting distribution of proceeds from the ORT/Kelley Settlement.

3.     All invoices (including for attorneys' fees) reflecting distribution of proceeds from the ORT/Kelley Settlement.

4.     All communications between Old Republic or its counsel and homeowners mentioning, referring or relating to distribution of proceeds from the ORT/Kelley Settlement.

5.     All summaries of the distribution of proceeds from the ORT/Kelley Settlement.

6.     All communications between Old Republic or its counsel and any third party, including, but not limited to, representatives of the U.S. Attorney's Office, Federal Bureau of Investigations, or Internal Revenue Service, mentioning, referring or relating to the ORT/Kelley Settlement or distribution of proceeds thereof.

7.     For the time period January 1, 2000 to the present, all documents relating to Old Republic's policies (or the memorialization or summary of Old Republic's practices) regarding returning any portion of reconveyance fees or other fees collected at closing to homeowners.

Case No.   3:15-cr-05198-RBL-1

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____    _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

**CALFO HARRIGAN LEYH & EAKES LLP**

| DATE | DESCRIPTION | AMOUNT | DEDUCTION | NET AMOUNT |
|---|---|---|---|---|
| 1-14-16 | 8291.001 - Witness and Mileage Fees | | | $75.52 |

| CHECK DATE | CONTROL NUMBER | TOTALS | | NET AMOUNT |
|---|---|---|---|---|
| 1-14-16 | 61636 | **TOTALS** | | $75.52 |

61636

**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE SUITE 4400
SEATTLE, WA 98104
206-623-1700

KeyBank National Association
Seattle, Washington 98104
19-57-1250

| DATE | CHECK | AMOUNT |
|---|---|---|
| 1-14-16 | 61636 | $75.52 |

Details on back.

PAY
TO THE
ORDER
OF

\*\*\*Seventy Five and 52/100 Dollars\*\*\*

Records Custodian, Old Republic Title, Ltd.

AUTHORIZED SIGNATURE

⑈061636⑈ ⑆125000574⑆ 47250103945⑈

◉ ENDORSE HERE

**DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE**
RESERVED FOR FINANCIAL INSTITUTION USE ✱

*The security features listed below, as well as those not listed, exceed industry guidelines.*

**Security Features:**
MicroPrint Line

Chemically Sensitive Paper

Security Screen

**Results of document alteration:**
* MP Small type in line appears as dotted line when photocopied
* Stains or spots may appear with chemical alteration
* Absence of "Original Document" verbiage on back of check

RS-52

© Padlock design is a certification mark of the Check Payment Systems Association
✱ **FEDERAL RESERVE BOARD OF GOVERNORS REG. CC**

# EXHIBIT 3



GAVIN W. SKOK
206.389.1731
gskok@riddellwilliams.com

T 206.624.3600   1001 Fourth Avenue, Suite 4500
F 206.389.1708   Seattle, Washington 98154-1192

February 22, 2016

**RECEIVED**

**FEB 22 2016**

**CALFO HARRIGAN**
**LEYH & EAKES**

Angelo J. Calfo
Calfo Harrigan Leyh & Eakes LLP
999 3rd Ave., Suite 4400
Seattle, WA 98014

Re:    **United States v. Troy X. Kelley, Case No. 15-cr-05198-RBL-1**

Dear Angelo:

Enclosed is a CD containing documents produced by Old Republic Title, Ltd. ("ORTL") in response to topic 1 in Mr. Kelley's January 12, 2016 subpoena. The CD further includes a native version of ORTLKC004762, pursuant to your February 19 request. We are also enclosing a privilege log on topic 1 is also enclosed.

Note that the enclosed documents include several communications involving Scott Smith and Rick Dosa, while other communications involving those persons have been withheld as privileged. Both gentlemen are lawyers (Mr. Smith is outside counsel, Mr. Dosa is in-house counsel). We carefully reviewed potentially responsive documents in light of your request that ORTL's production be as broad as possible. Insofar as we determined that responsive communications were arguably outside the scope of legal advice or legal engagement – notwithstanding that they involved Mr. Smith and/or Mr. Dosa – ORTL has not asserted privilege over such documents and they are produced on the enclosed CD. ORTL in no way intends such production as a broad waiver of any attorney-client privilege, work product immunity or any other applicable privilege. Responsive documents withheld from this topic 1 production based on ORTL's assertions of privilege are listed on the enclosed privilege log.

Sincerely,

Gavin W. Skok
     of
RIDDELL WILLIAMS P.S.

Enclosure

4822-2831-3902.02
022216/0903/62131.00063

Aligned with business.      riddellwilliams.com

## OLD REPUBLIC TITLE PRIVILEGE LOG

| Senders | Receivers | CC | Date | Subject Line | Type of Privilege |
|---|---|---|---|---|---|
| Lago, Carl | Levendowski, Lynn | | 5/3/2011 | Attorney Client Privileged Work Product ORT vs. Kelly | AC |
| Dosa, Rick; Smith, Scott | Horn, Gary; Shupe, Wayne; Beaty, James | | 6/9/2011 | FW: Kelley--Proposed refund Program | AC |
| Levendowski, Lynn; Scott Smith; Fagerberg, Melanie | Dosa, Rick; Frets, Janet; Miller, Susie | Smith, Scott | 9/27/2011 | FW: Kelley--Revised Proposed Refund Program-4th batch of letters | AC |
| Levendowski, Lynn; Scott Smith | Dosa, Rick; Smith, Scott | Cassinelli, Steve | 8/17/2011 | FW: Kelley--Revised Proposed Refund Program | AC |
| Levendowski, Lynn; Scott Smith; Dosa, Rick | Jones, Deborah; Levendowski, Lynn | Dosa, Rick | 7/21/2011 | FW: Kelley--Revised Proposed Refund Program | AC |
| Levendowski, Lynn; Scott Smith; Dosa, Rick | Dosa, Rick; Smith, Scott | | 7/21/2011 | FW: Kelley--Revised Proposed Refund Program | AC |
| Levendowski, Lynn; Yu, Henry; Dosa, Rick; Smith, Scott | Smith, Scott; Dosa, Rick | Dosa, Rick | 8/30/2011 | FW: Kelley--Revised Proposed Refund Program | AC |
| Levendowski, Lynn; Smith, Scott | Dosa, Rick; Smith, Scott | Cassinelli, Steve | 8/17/2011 | FW: Kelley--Revised Proposed Refund Program | AC |
| Dosa, Rick; Levendowski, Lynn; Smith Scott | Smith, Scott; Jones, Deborah | Levendowski, Lynn | 8/2/2011 | FW: Kelley--Revised Proposed Refund Program | AC |
| Levendowski, Lynn; Dosa, Rick; Smith, Scott | Dosa, Rick; Levendowski, Lynn; Smith, Scott | | 5/5/2011 | FW: Reconveyance Transactions | AC |
| Levendowski, Lynn; Frets, Janet | Dosa, Rick; Levendowski, Lynn | | 1/30/2012 | FW: Returned PCD Letters | AC |

| | | | | | Type of |
|---|---|---|---|---|---|
| **OLD REPUBLIC TITLE PRIVILEGE LOG** | | | | | |
| | | | | | **Type of** |
| **Senders** | **Receivers** | **CC** | **Date** | **Subject Line** | **Privilege** |
| Smith, Scott; Levendowski, Lynn; Frets, Janet | Dosa, Rick; Levendowski, Lynn | | 1/24/2012 | FW: Uncashed PCD Refund Checks | AC |
| Levendowski, Lynn; Frets, Janet | Dosa, Rick; Levendowski, Lynn | Smith, Scott; Frets, Janet | 1/24/2011 | FW: Uncashed PCD Refund Checks | AC |
| Levendowski, Lynn; Frets, Janet | Dosa, Rick; Levendowski, Lynn | Smith, Scott; Frets, Janet | 1/24/2011 | FW: Uncashed PCD Refund Checks | AC |
| Smith, Scott; Levendowski, Lynn; Frets, Janet | Dosa, Rick; Levendowski, Lynn; Frets, Janet | Smith, Scott | 1/24/2011 | FW: Uncashed PCD Refund Checks | AC |
| Smith, Scott | Dosa, Rick | | 6/27/2011 | Kelley--Draft Memo re: Use of Settlement Funds | AC |
| Smith, Scott | Dosa, Rick | | 6/3/2011 | Kelley--Draft of Proposed Refund Progam | AC |
| Smith, Scott | Dosa, Rick | | 6/3/2011 | Kelley--Draft of Proposed Refund Progam | AC |
| Smith, Scott | Dosa, Rick | | 6/3/2011 | Kelley--Draft of Proposed Refund Progam | AC |
| Smith, Scott; Fagerberg, Melanie | Dosa, Rick; Levendowski, Lynn; Frets, Janet | | 10/18/2011 | Kelley--FW: Refund Letters-need to verify what addresses are PROPERTY Addresses | AC |
| Smith, Scott | Dosa, Rick | | 6/9/2011 | Kelley--Proposed Refund Program | AC |
| Smith, Scott | Dosa, Rick | | 6/9/2011 | Kelley--Proposed Refund Program | AC |
| Smith, Scott | Dosa, Rick | | 6/9/2011 | Kelley--Revised Proposed Refund Program | AC |
| Smith, Scott | Dosa, Rick | | 6/9/2011 | Kelley--Revised Proposed Refund Program | AC |
| Levendowski, Lynn | Smith, Scott | Dosa, Rick | 9/2/2011 | Kelley--Revised Proposed Refund Program | AC |
| Smith, Scott | Levendowski, Lynn | | 8/17/2011 | Kelley-Revised Refund Letter | AC |
| Dosa, Rick | Smith, Scott | | 7/16/2011 | Kelley and Refunds | AC |
| Dosa, Rick | Smith, Scott | | 7/16/2011 | Kelley and Refunds | AC |
| Smith, Scott | Dosa, Rick | | 5/4/2011 | Master Reconveyance Spreadsheet--Two Separate Years--with new worksheets for potential refunds | AC |
| Smith, Scott | Dosa, Rick | | 5/4/2011 | Master Reconveyance Spreadsheet--Two Separate Years--with new worksheets for potential refunds | AC |
| Levendowski, Lynn | Smith, Scott | Dosa, Rick | 8/22/2011 | PCD refund letter | AC |
| Dosa, Rick; Smith, Scott | Smith, Scott; Dosa, Rick | | 6/27/2011 | RE: Kelley--Draft Memo re: Use of Settlement Funds | AC |

| | | | | | |
|---|---|---|---|---|---|
| | | | | OLD REPUBLIC TITLE PRIVILEGE LOG | |
| **Senders** | **Receivers** | **CC** | **Date** | **Subject Line** | **Type of Privilege** |
| Dosa, Rick; Smith, Scott | Smith, Scott; Dosa, Rick | | 6/9/2011 | Re: Kelley--Draft of Proposed Refund Program | AC |
| Levendowski, Lynn; Smith, Scott; Dosa, Rick; Levendowski, Lynn; Cassinelli, Steve; Yu, Henry | Smith, Scott; Levendowski, Lynn; Yu Henry; Smith, Scott; | Dosa, Rick; Davis, Jay; Levendowski, Lynn; Cassinelli, Steve | 8/30/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Smith, Scott (same as above) | Levendowski, Lynn (same as above) | Dosa, Rick (Same as above) | 8/30/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Smith, Scott; Levendowski, Lynn; Dosa, Rick | Dosa, Rick; Levendowski, Lynn; Smith, Scott | Smith, Scott | 8/2/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Levendowski, Lynn; Smith, Scott; Dosa, Rick | Dosa, Rick; Levendowski, Lynn, Smith, Scott; Jone, Deborah | Smith, Scott; Levendowski, Lynn; Dosa, Rick | 8/2/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Levendowski, Lynn; Dosa, Rick; Jone, Deborah; Smith, Scott | Jones, Deborah; Dosa, Rick; Smith, Scott; Levendowski, Lynn | Dosa, Rick; Levendowski, Lynn | 8/1/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Smith, Scott; Dosa, Rick; Levendowski, Lynn | Levendowski, Lynn; Dosa, Rick; Smith, Scott | Levendowski, Lynn | 7/21/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Smith, Scott; Dosa, Rick; Levendowski, Lynn; Cassinelli, Steve; Yu, Henry | Levendowski, Lynn; Smith, Scott; Yu, Henry; Cassinelli, Steve | Dosa, Rick; Davis, Jay | 8/30/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Levendowski, Lynn (Same as above) | Smith, Scott (same as above) | Dosa, Rick (Same as above) | 8/30/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Smith, Scott; Dosa, Rick | Dosa, Rick; Smith, Scott | Levendowski, Lynn | 7/21/2011 | Re: Kelley--Revised Proposed Refund Program | AC |

| | | | | | Type of |
|---|---|---|---|---|---|
| **Senders** | **Receivers** | **CC** | **Date** | **Subject Line** | **Privilege** |
| Dosa, Rick; Smith, Scott | Smith, Scott; Dosa, Rick | Levendowski, Lynn | 7/21/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Levendowski, Lynn; Cassinelli, Steve; Smith, Scott | Cassinelli, Steve; Yu, Henry; Dosa, Rick; Smith, Scott | Davis, Jay; Smith, Scott | 8/17/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Dosa, Rick; Smith, Scott | Smith, Scott; Dosa, Rick | | 6/9/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Smith, Scott; Dosa, Rick; Levendowski, Lynn | Dosa, Rick; Levendowski, Lynn; Smith, Scott | Smith, Scott | 8/2/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Dosa, Rick; Levendowski, Lynn; Smith Scott; Jone, Deborah | Levendowski, Lynn; Dosa, Rick; Smith, Scott; Jones, Deborah | Smith, Scott; Levendowski, Lynn; Dosa, Rick | 8/2/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Levendowski, Lynn (Same as above) | Dosa, Rick (same as above) | Smith, Scott (same as above) | 8/2/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Smith, Scott; Dosa, Rick; Levendowski, Lynn | Levendowski, Lynn; Dosa, Rick; Smith, Scott | Levendowski, Lynn; Smith, Scott | 7/21/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Dosa, Rick; Smith, Scott; Levendowski, Lynn | Levendowski, Lynn; Dosa, Rick; Smith, Scott | Smith, Scott; Levendowski, Lynn | 7/21/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Levendowski, Lynn (Same as above) | Dosa, Rick (same as above) | Smith, Scott (same as above) | 7/21/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Dosa, Rick (same as above) | Smith, Scott (same as above) | Levendowski, Lynn (same as above) | 7/21/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Smith, Scott (same as above) | Dosa, Rick (same as above) | Levendowski, Lynn (same as above) | 7/21/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Dosa, Rick (same as above) | Smith, Scott (same as above) | Levendowski, Lynn (same as above) | 7/21/2011 | Re: Kelley--Revised Proposed Refund Program | AC |
| Dosa, Rick; Smith, Scott | Smith, Scott; Dosa, Rick | | 6/9/2011 | Re: Kelley--Revised Proposed Refund Program | AC |

**OLD REPUBLIC TITLE PRIVILEGE LOG**

| Senders | Receivers | CC | Date | Subject Line | Type of Privilege |
|---|---|---|---|---|---|
| | | OLD REPUBLIC TITLE PRIVILEGE LOG | | | |
| Smith, Scott; Dosa, Rick | Dosa, Rick; Smith, Scott | | 7/18/2011 | RE: Kelley and Refunds | AC |
| Smith, Scott; Levendowski, Lynn | Levendowski, Lynn; Smith, Scott | Dosa, Rick | 8/22/2011 | Re: PCD Refund Letter | AC |
| Smith, Scott; Dosa, Rick | Levendowski, Lynn | Dosa, Rick; Smith, Scott | 5/4/2011 | Re: Reconveyance Transactions | AC |
| Levendowski, Lynn | Smith, Scott | | 5/4/2011 | Re: Reconveyance Transactions | AC |
| Dosa, Rick; Frets, Janet; Levendowski, Lynn; Smith, Scott | Smith, Scott; Levendowski, Lynn; Dosa, Rick; | Smith, Scott, Frets, Janet | 1/24/2012 | RE: uncashed PCD Refund Checks | AC |
| Frets, Janet; Levendowski, Lynn | Levendowski, Lynn; Dosa, Rick | Smith, Scott; Frets, Janet | 1/24/2012 | RE: uncashed PCD Refund Checks | AC |
| Dosa, Rick | Smith, Scott | | 1/24/2012 | RE: uncashed PCD Refund Checks | AC |
| Smith, Scott | Levendowski, Lynn | Dosa, Rick | 7/21/2011 | Refunds | AC |

# EXHIBIT 4





GAVIN W. SKOK
206.389.1731
gskok@riddellwilliams.com

T 206.624.3600   1001 Fourth Avenue, Suite 4500
F 206.389.1708   Seattle, Washington 98154-1192

March 8, 2016


**VIA E-MAIL (EMILYP@CALFOHARRIGAN.COM) AND U.S. MAIL**

Emily Dodds Powell
Calfo Harrigan Leyh & Eakes LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104


Re:   **Subpoenas to Old Republic Title, Ltd. in *USA v. Troy Kelley***

Dear Ms. Powell:

I am following up on our telephone conference on March 7, 2016, to confirm things we discussed and provide further information.

We discussed Mr. Kelley's request for additional information about the use and distribution of settlement proceeds by Old Republic.  During our discussion, I sent you a one-page print dated 3/4/2016 and titled "General Ledger Report By: Account Code/Apply Date 052 ORT Seattle." (As I told you, we will Bates number that document for our production; the copy I sent you was for discussion purposes during our call).  Here is further information on the matters you asked about on that document:

- The code "052" used in the title of the document and in the Account Code refers to Old Republic Title, Ltd. in Washington.

- The code "090" in the "Originating Company" column refers to Old Republic Title Holding Company.

- The "JRNL" entries refer to entries in the journal for company 052.

- The "7/7 email" referred to in the "Doc1" column for the 6/30/2011 transaction is a short email from James Beatty (Senior Vice President and Controller) to others on the accounting/finance side, subject "Quarter end adjustments," that discusses four different accounting adjustments for the June 30, 20011 close.  One of the four is for the $650,000 shown in the line item for 6/30/2011 (JRNL00028115) on this document.  The other three discussed in the email do not relate to legal fees or to Troy Kelley, but rather refer to unrelated business operations.  We will produce a copy of this email, but intend

4827-9873-0542.02
62131.00063

Aligned with business.   riddellwilliams.com

to redact the other three entries as non-responsive. In light of the additional document we are producing below, I trust this will not be an issue.

- We will produce an additional document showing transfers into the "Legal Expense" account that corresponds to the transfers out of the account shown on the document you have. This additional document will include the "JRNL" numbers for each transfer so you can match the "JRNL" number on the document we discussed yesterday with the same number on this additional document to see the transfer into the legal expense account. For example, entry JRNL00029166 on the document you have relates to a $270,000 transfer on 12/31/11 to the legal expense account. The summary document we will produce for the legal expense account will show that $270,000 transfer as a deposit on the same date, with the same JRNL number. Between this document and those previously provided, you can trace all of the money from the settlement to either (1) customer refunds, or (2) transfers to the legal expense account to offset legal expenses.

Second, you asked us who is Old Republic's custodian of records for documents previously produced. As I told you, Carl Lago was Old Republic's custodian of records prior to his retirement. He is on the government's witness list and we understand they intend to bring him to trial from California. In addition, we understand that the government will be calling an Old Republic employee named Nicole Johnson for records authentication purposes.

Third, we discussed Topic 7 in Mr. Kelley's January 12, 2016 subpoena to Old Republic Title, Ltd. ("ORTL"). As I told you when we talked, ORTL – the Old Republic entity doing business in Washington and which contracted with Post Closing Department – has produced all documents in its possession responsive to this topic, and has not withheld any on privilege. ORTL has nothing further to produce.

Fourth, I told you that ORTL and ORTHC do not have any additional documents to produce in response to Mr. Kelley's February 24, 2016 trial subpoena other than those that were already previously produced in the two prior lawsuits (*McFerrin*, *Kelley*). I am happy to re-produce those here in response to this subpoena, if Mr. Kelley desires. No documents would be withheld from that production based on privilege.

I provided additional information during our call in response to Mr. Calfo's prior request about the scope of the search for documents in response to the February 24, 2016 subpoena. The search included both a review of hard copy files and electronic records. As I told you during our call yesterday, emails from Mr. Lago and Mr. Dosa that related to these topics would have been deleted in the ordinary course pursuant to regular document retention policies when the litigation hold related to the underlying lawsuits was lifted in November 2012. Prior to that time, an email search was run in October 2010 during the *Kelley* litigation against the inboxes of Mr. Lago and others for documents related to Troy Kelley. That search would have picked up

emails responsive to the current February 24, 2016 subpoena. We have the results from that search and reviewed them for any responsive documents. In addition, Mr. Dosa reviewed his own electronic files/archives to determine whether he had any documents responsive to this subpoena. Based on this search, we believe ORTL's and ORTHC's search and response to the document portion of this subpoena is now complete, with nothing additional to produce.

Fifth, we discussed the best way to handle review of ORTL's privilege designations in connection with its response to Mr. Kelley's January 12, 2016 subpoena. ORTL agrees these documents may be submitted to the Court for an *in camera* review by Judge Leighton without counsel present. ORTL intends to submit a brief of up to three pages with its documents describing the privilege designations. I propose that we submit these to the Court by noon on Thursday, March 10. Meanwhile, we will review our privileged documents to remove any duplicates to make the process more efficient.

In those instances where ORTL asserted privilege, it did so intentionally and only after consideration. As I described it in my February 22 letter to Mr. Calfo:

> We carefully reviewed potentially responsive documents in light of your request that ORTL's production be as broad as possible. Insofar as we determined that responsive communications were arguably outside the scope of legal advice or legal engagement – notwithstanding that they involved Mr. Smith and/or Mr. Dosa – ORTL has not asserted privilege over such documents and they are produced on the enclosed CD. <u>ORTL in no way intends such production as a broad waiver of any attorney-client privilege, work product immunity or any other applicable privilege.</u>

Nonetheless, we agree to submit these documents to the Court for *in camera* review. Also, below I am providing further information about the documents withheld based on privilege:

- The May 3, 2011 email, subject "ATTORNEY CLIENT PRIVILEGED WORK PRODUCT ORT vs. Kelly," is from Carlo Lago to Lynn Levendowski forwarding a document prepared by outside counsel in the course of litigation, and which is both an attorney-client communication and work product. (I noticed that our privilege log indicated only attorney-client privilege for this document; in fact, the document is also protected under work product immunity). ORTL is willing to agree that the cover email from Mr. Lago to Ms. Levendowski is not privileged or work product, but asserts both attorney-client privilege and work product immunity over the attachment.

- The June 9, 2011 email, subject "Kelley – proposed refund program," is from Mr. Dosa to company officers forwarding with brief commentary a June 9, 2011 memo from Scott Smith (outside counsel) captioned "PRIVILEGED AND CONFIDENTIAL ATTORNEY/CLIENT MEMORANDUM," subject: "Proposed Refund Program."

- The emails from July and August 2011, subject "Kelley – Revised Proposed Refund Program," are legal advice given by Scott Smith and Rick Dosa, and received by Mr. Dosa and other Old Republic employees, regarding the parameters of a proposed refund program and how to structure it. They are not implementation steps or other administrative actions, but rather legal advice about the program.

- The May 4 and May 5, 2011 emails, subject "Reconveyance Transactions," are a discussion of legal advice given by Scott Smith on May 4, 2011 and a request from Lynn Levendowski to Rick Dosa on May 5, 2011 for further legal advice regarding the parameters of the refund program.

- The January 30, 2012 email, subject "returned PCD letter" is a request from Lynn Levendowski to Rick Dosa for legal advice regarding refund payment issues.

- The January 24, 2012 emails, subject "uncashed PCD refund check" is a discussion among counsel (Rick Dosa, Scott Smith) and Old Republic employees (Janet Frets, Lynn Levendowski) regarding refund payment issues and disposition of uncashed refund checks.

- The June 2011 emails, subject "Kelley – draft of proposed refund program" and "Kelley – Draft Memo re Use of Settlement Funds" are legal analysis and advice from Scott Smith to Rick Dosa. They also attach drafts of the June 9, 2011 memo from Scott Smith captioned "PRIVILEGED AND CONFIDENTIAL ATTORNEY/CLIENT MEMORANDUM," subject: "Proposed Refund Program" discussed above.

- The October 18, 2011 email, subject "Refund letter – need to verify what addresses are PROPERTY addresses" is an email from Scott Smith to Rick Dosa and Lynn Levendowski regarding mailing notice to ORTL customers. After further review, ORTL will withdraw its privilege designation for this document and produce it, but does so without intending any waiver of any privilege on any other documents or on any subject matter.

- The August 17, 2011 email, subject "Revised Refund Letter" is an attorney communication from Scott Smith to Lynn Levendowski attaching counsel's comments on a draft letter to ORTL customers.

- The July 16 and July 18, 2011 emails, subject "Kelley and Refunds" are legal communications between Scott Smith and Rick Dosa about the parameters and timing of a potential refund program. After further review, ORTL will withdraw its privilege designation for the July 18, 2011 email from Scott Smith to Rick Dosa and produce it – with the July 16, 2011 Rick Dosa email it is responding to redacted – but does so without intending any waiver of any privilege on any other documents or on any subject matter.

- The May 4, 2011 emails, subject "Master Reconveyance Spreadsheet...." are legal communications from Scott Smith to Rick Dosa regarding Mr. Kelley's liability and a potential refund program.

- The August 22, 2011 email, subject "PCD Refund Letter" are privileged communications between counsel (Scott Smith, Rick Dosa) and Lynn Levendowski regarding the parameters of a refund program, including communication of information to counsel for purposes of legal analysis and a request for legal advice. After further review, ORTL will withdraw its privilege designation for the May 4, 2011 3:01 p.m. email from Ms. Levendowski to Scott Smith and produce it – with the two other May 4, 2011 emails from Rick Dosa and Scott Smith that it responds to redacted – but does so without intending any waiver of any privilege on any other documents or on any subject matter.

- The July 21, 2011 email, subject "Refunds" is a draft letter by outside counsel (Scott Smith) along with brief legal discussion of notice and refund matters, sent to Lynn Levendowski with a copy to Rick Dosa, for review and comment.

Finally, you asked whether redactions from produced documents had been included on ORTL's privilege log. I am glad you raised this issue, as we subsequently realized these documents had not been logged. We are preparing a redaction log now and expect to forward it tomorrow, along with additional information on the redactions so Mr. Kelley can decide whether he believes they should also be submitted to the Court for *in camera* review.

Sincerely,

Gavin W. Skok
of
RIDDELL WILLIAMS P.S.

GWS